## Cooper *vs.* Brewster.

A cause cannot be transferred from one Justice to another in the same County, on an affidavit of prejudice and partiality.

An action cannot be sustained on a Note given to secure the payment of money to become due on the election of a candidate to a certain office. Such notes are void, as being against public policy.

This was an action commenced before H. K. McKinstry, Esq. Justice of the Peace for Washington County, by the plaintiff in error, against the defendant in error. The plaintiff declares on a promissory note made by defendant, for the sum of $380, claiming a balance due of $98 36. Two other persons were named as defendants in the summons, but Brewster was the only one summoned. Brewster appeared and plead the gen-

eral issue, and gave notice of a set off of the following promissory note:

$100.

For value' received, I promise to pay to L. Buford, or bearer, one hundred dollars when H. H. Sibley is elected representative in Congress from Minnesota Territory.

J. O. COOPER.

Stillwater, August 9, 1850.

The defendant alleged a transfer of the said note, on a good consideration, to him, and that he was owner of the same.

At the trial, the plaintiff having proved his complaint, the defendant offered in evidence the note mentioned in his notice of set off, together with proof of the fact, and date of the election referred to in the note. The plaintiff objected, and the Justice refused to receive the note in evidence.

The defendant then · applied for a transfer of the cause to some other Justice on an affidavit of prejudice and partiality. The Justice refused to make the transfer. The jury returned a verdict for the plaintiff for $98 36, and costs.

The defendant removed the cause to the District Court of the 2d Judicial District, from whence it was transferred to the 1st District, and by that Court the judgment of the Justice was reversed. The plaintiff removed the cause, by writ of Error, to the Supreme Court.

RICE, HOLLINSHEAD & BECKER, for Plaintiff in Error.

AMES & NELSON, for Defendant in Error.

FULLER, C. J. This action was commenced before a Justice of the Peace, by the plaintiff, against John H. Brewster, and two other defendants, who were not served with process, nor did they appear. The plaintiff declared upon a joint promissory note against the three. Brewster pleaded *non assumpsit*, and gave notice of set off. Upon the trial, the defendant offered in evidence as a set off, a note for one hundred dollars, made by Cooper the plaintiff, and payable to one Buford, or bearer,

" when H. H. Sibley should be elected delegate to Congress," and purporting on its face to have been given for value received. This evidence was objected to by the plaintiff, and excluded by the Justice. The defendant's attorney then offered to make oath that he believed the Justice would not hear and decide the case impartially, on account of prejudice and other causes, and moved that it be transferred to some other Justice of the County having jurisdiction. The Justice refused to entertain the motion. Judgment was rendered in favor of the plaintiff for the balance due upon the note given by the defendants. Brewster removed the cause to the District Court of Ramsey County, which reversed the judgment of the Justice, and thereupon the plaintiff sued out a writ of Error from this Court.

The Justice was clearly right in not entertaining the motion to transfer the cause. There was no warrant for such a proceeding. The laws of 1849, under which the suit was commenced, page 19, authorize such a transfer only where the defendant makes an affidavit before issue joined, that the Justice is a material witness for him, without whose testimony he cannot safely proceed to trial; or where it is "proved that he is near of kin to the plaintiff." For errors committed through partiality or prejudice, the remedy is by appeal or *certiorari*.

The note offered in evidence by the defendant was not negotiable. It was payable only upon the happening of a contingency, and not absolutely. *Story, on Promissory Notes*, 1 *and* 24. Not being negotiable, its mere possession, and production by Brewster on the trial, was not evidence of title to it in him, much less in all of the defendants. *Prescott vs. Hall*, 17 *J. R.* 292. *Perkins vs. Parker*, 17 *Mass. R.* No evidence of a transfer by Buford, the payee, to the defendant, was offered. And unless it belonged to all of them jointly, it could not be set off against the plaintiff's demand. *Laws of* 1849, *page* 18, *Sec.* 1, *Sub.* 6.

And had the note belonged to defendants, it was void, as being against public policy. It was, in effect, a wager upon an election. It was given for value received. If Sibley was defeated, then Cooper retained that value without compensation, and Buford lost it. If Sibley was elected, then Buford was to

receive, and Cooper to part with, one hundred dollars. Each of the parties thus acquired a pecuniary interest in the event of the election, and a motive to cast his own vote, and procure others to cast theirs for his private benefit, without regard to the public good. Such a contract should not be upheld. It is against public morals, and tends directly to destroy the purity of elections. No man should be permitted to convert the elective franchise into a device for gambling. It is a sacred trust confided to him by his country, which he is bound to exercise in such a way only as in his judgment will contribute most to his country's welfare. Accordingly, all wagers on the result of an election are held to be illegal and void. *Lansing vs. Lansing,* 8 *J. R.* 454. *Rush vs. Gott,* 6 *Owen,* 169. *Brush vs. Keeler,* 5 *Wend,* 256, 12 *J. R.* 376. The rule would have have been established to little purpose, however, if contracts like the one under consideration should be adjudged valid. The evasion of the law would then be easy and secure. The Justice was right in excluding the evidence. The District Court erred in reversing the judgment rendered by him.

The judgment of the District Court of Ramsey County is therefore reversed with costs, and the judgment of the Justice affirmed.

(COOPER, Justice, being brother of the plaintiff, took no part in the decision.)