BERNER *v.* FRAZIER.

Where a party to an action before a justice of the peace, files his affidavit, and moves for a change of venue, on the ground that the justice is so prejudiced against him, that he cannot obtain justice before him, it is error to refuse a change of venue.

*Appeal from the Monroe District Court.*

TUESDAY, APRIL 5.

BERNER sued Frazier in an action of trespass before a

justice of the peace. Before the jury were sworn, or the trial commenced, the defendant filed his affidavit, and moved the court for a change of venue, on the alleged ground that the justice of the peace was so prejudiced against him, that he could not obtain justice before him. The motion was overruled. A motion for a nonsuit was also overruled, and the cause being fully heard, the jury returned a verdict for the plaintiff of ten dollars, for which judgment was rendered in favor of plaintiff, with ten per cent. damages.

The cause was taken to the district court by writ of error, and the court found that there was "error in the proceedings before the justice, in that the justice rendered judgment for the amount found by the jury, *with ten per cent. interest.*" It was thereupon adjudged by the court, that the cause be remanded to the justice, and that he correct the judgment rendered by him, by striking out from the judgment the ten per cent. interest. The defendant appeals from this judgment to this court.

*T. B. Perry*, for the appellant.

No appearance for the appellee.

STOCKTON, J.—If the only error in the proceeding before the justice, had been in his allowing interest on the judgment in favor of the plaintiff, at the rate of ten per centum per annum, the ruling of the district court in remanding the cause, with directions to the justice to strike out the ten per cent. interest, would have been proper enough. But the defendant was entitled to a change of venue, on the motion and affidavit filed by him; and the court should have reversed the judgment of the justice, and remanded the cause, with directions to him to allow the change of venue as prayed for by defendant. See Act of January 24, 1852, sec. 1; Session Acts, 94; *Marshall & McKee* v. *Kinney*, 1 Iowa, 580; *Lyne* v. *Hoyle*, 2 G. Greene, 136.

The judgment of the district court is reversed, and the

cause remanded, with directions to reverse the judgment of the justice, and remand the cause to him, with directions to allow the change of venue.

Judgment reversed.