## Ex-parte—Gold T. Curtis.

An Affidavit for a change of venue upon the ground that the Judge was prejudiced in the cause, is not sufficient if it be merely couched in the language of the Statute. It should state the facts and circumstances upon which the prejudice is alleged to exist.

The reading of an affidavit for a change of venue on the ground of prejudice in the mind of the Judge, is not, *per se*, a contempt of the Court in which it is presented.

*By the Court*—FLANDRAU, J.—It seems from the Statute that this court is to review the decisions of the District Courts made in such matters as the one at bar, and it necessarily follows that our investigation must be confined to the record alone, which is sent up from the Court below. It appears from the record herein that the only act complained of, or charged by the Judge to have been committed by the Attorney was the reading of an affidavit, and moving thereon for a change of venue. The affidavit was made under the act of 1858, which allows a change of venue when either party shall fear that he will not receive a fair trial on account that the Judge is interested or prejudiced therein, &c. The affidavit used in this case was couched in the exact language of the Statute, alleging that the Judge was prejudiced, without stating any facts upon which the affiant based his charge of prejudice. We fully agree with the view taken by the Court that the affidavit was insufficient to procure a change of venue in the case in which it was used, but should have set out the facts and circumstances upon which the prejudice was alleged to exist, and to have arisen from. Yet it does not by any means follow that the reading such an affidavit is *per se* a contempt of the Court to which it is presented. It may be done innocently and in full faith that it was simply necessary to use the language of the act in making the application. While we are clear that the presentation of the affidavit is not *per se* a contempt, we can readily see how an act innocent in itself, may become a violation of the dignity and decorum of the Court, by the manner in which it is done, or the motive which actuated the mover, and had any such thing

been charged, we would have regarded the matter in a different light from the one we have been compelled to accept.

The high estimation in which this Court holds the Judge who made this decision, as well for his legal attainments, as for his spotless honor, his integrity, and his universally conceded amiability of disposition and courtesy of deportment, we think there must have been some fact accompanying the reading of this affidavit, or circumstance attending it, which does not appear upon the record, which formed the gist of the contempt, although it has been attributed in the record to the simple reading of the paper. We are strengthened in this view from the known ability of the Attorney who has been suspended, who is not to be presumed to have ignorantly framed such a paper. Still, as we are confined to the record, such matters cannot one way or the other influence our decision.

While we will go as far as we can to support that proper respect which is due the administration of justice in the courts, our first duty to entitle ourselves to receive that respect, is an adherence to well settled rules of decision.

The suspension is vacated—not being sustained by the record.