*403 The opinion of the court was delivered by
Valentine, J.:
The court below' rendered a judgment against the appellant E. B. Peyton, disbarring him from practicing as an attorney and counselor-at-law in the district courts of Kansas. From this judgment the appellant now appeals to this court. The charge and findings of the court below, upon which said judgment was rendered, were for deceit and fraud in procuring an admission to practice in said courts. The charge and findings stated, substantially, that on the 2d of March, 1868, the appellant procured said admission from the district court of Lyon county, by means of a ■ false and fraudulent instrument in writing, purporting to be a certificate from the.clerk of the circuit court of Clay county, Indiana, and purporting to show that said defendant had previously been admitted to practice law in said circuit court as an attorney and counselor-at-law. Two principal questions are raised for our determination: First, Had the appellant a right, on account of prejudice on the part of the regular judge of the district court of Lyon county, to have the case tried before some other judge, to-wit, before a judge in some other district, or before a judge pro tem.f Second, Was the proper judgment rendered in this proceeding? Many minor and incidental questions are involved in these two principal questions. Was this proceeding an action, or was it only a special proceeding? (Civil code, § 3.) And was it a criminal prosecution, or a civil prosecution? Was it a prosecution to disbar the defendant, or. was it merely a prosecution for an alleged contempt? And if it was a prosecution to disbar the defendant, was it a prosecution under the statutes merely, (Comp. Laws, ch. 15, §§ 6, 10 to 16; Gen. Stat., ch. 11, §§ 6, 10 to 16;) or was it a prosecution founded upon an inherent power of the court? We shall not answer these questions in their order, nor any of them except so far as it becomes necessary to answer them while expressing our opinions upon the main questions involved in this case.
We suppose that all courts authorized to admit attorneys *404 may also disbar them upon sufficient cause being shown; that such power is inherent; that it is a necessary incident to the proper administration of justice; that it may be exercised without any special statutory authority, and in all proper cases, unless positively prohibited by statute; and that it may be exercised in any manner that will give the party to be disbarred a fair trial and a full opportunity to be heard. Mr. Tidd says: “When an attorney has been fraudulently admitted, or convicted (after his admission) of felony, or other offense which renders him unfit to be continued an attorney, or has knowingly suffered his name to be made use of by an unqualified person, or acted as agent for such person, or has signed a fictitious name to a demurrer, as and for the signature of a barrister, or otherwise grossly misbehaved himself, the court will order him to be struck off the roll.” 1 Tidd’s Practice, (3d Am. ed.,) 88. See also to the same effect, Bacon’s Abr., Attorney, (H); Comyn’s Digest, Attorney, (B. 15.) See also, State v. Holding, 1 McCord, (S. C.) 237; Smith v. State, 1 Yerger, (Tenn.) 228; Rice v. Commonwealth, 1 B. Mon., (Ky.) 472; People v. Smith, 3 Gaines, (N. Y.) 221.
The attorneys act of 1859 (Comp. Laws, 102, ch. 15,) was-in force on March 2d, 1868, when the appellant was admitted to the bar in Lyon county as aforesaid. The attorneys act of 1868 (Glen. Stat., ch. 11,) took effect October 31st, 1868, and still continues in force, and was therefore in force during the entire pendency of this proceeding. But whether this proceeding comes within either of said acts, or neither of them, we do not think that it is in any manner material. There is no statute now in force, and there never has been any statute in force prohibiting this kind of proceeding. And therefore such a proceeding is proper, although there may be no statute specifically authorizing it. The common law authorizes it as a part of the nec&ssary and inherent -powers of the court. And it is possible also that the last clause of § 11 of the attorneys act of 1859 may also authorize it. ' But as we have before said, this is immaterial. The act of the appellant in being admitted, as it is charged he was admitted, was un *405 doubtedly a contempt of the court. (Hawkins’ Pleas of the Crown, Attachment; Comyn’s Digest, Attachment, A, 2.) And •every proceeding to punish for contempt is a criminal proceeding. (Authorities last cited, and 4 Bla. Com., 283, 284; Passmore Williams’ Case, 26 Penn. St., 9; State v. Matthews, 37 N. H., 450.) But the foregoing does not prove that this is a proceeding merely for contempt, nor does it prove conclusively that this is a criminal proceeding. And although the acts for which an attorney may be disbarred are generally contempts, yet there are many contempts for which an attorney could not be disbarred, and there are some things for which an attorney may be disbarred which are not contempts. If this prosecution had been merely for the contempt of the appellant in being admitted as he was, then we are inclined to agree with counsel for appellant that no punishment except fine and imprisonment could be inflicted upon the appellant. (Gen. Stat., ch. 28, § 2; People v. Turner, 1 Cal., 143; Ex parte Smith, 28 Ind., 47; Ex parte Bradley, 7 Wallace, 364.) But this we suppose was not intended to be a mere proceeding for contempt.
We think the proceeding to disbar an attorney, like the proceeding for contempt, is a criminal proceeding, or at least it is a quasi criminal proceeding. (People v. Turner, supra.) The proceeding to disbar is often entitled in the name of the state, or the people, or the commonwealth. This is directly held to be proper in Kentucky. (Turner v. Commonwealth, 2 Metc., 619, 631; Rice v. Commonwealth, 18 B. Monroe, 472.) Such a prosecution is for the public. It is always for misconduct on the part of the attorney. It is not for money or other’ property, and not to recover for any pecuniary loss sustained by the public. And it always involves disgrace to the defendant. It takes from him a right.of which he is already in possession. It takes away his business and his means of gaining a livelihood. And this it does, not for the purpose of giving the same to some other person, or to the state, but simply to deprive the defendant of the same. The whole thing is in the nature of a criminal forfeiture. In the *406 ease of Cummings v. The State of Missouri, 4 Wallace, 277, it was held that to deprive a clergyman of his right to preach on account of past conduct, is punishment, and criminal in its nature, and that a law which in effect prohibits a clergyman from preaching on account of past acts for which no such punishment was inflicted at the time when such acts were committed, is an ex post facto law, and is unconstitutional and void. In the case of Ex parte Garland, 4 Wallace, 333, it was held that-the exclusion of an attorney from the practice of the law in the federal courts, or the exclusion of any person from any of the ordinary avocations of life for past conduct, is punishment, and that an act of congress which in effect attempts to do such a thing is an ex post facto law,, and is therefore unconstitutional and void. All courts agree that an attorney-at-law can be removed only for misconduct, ascertained and declared by the judgment of a court, after a full opportunity to be heard has been afforded to such attorney. (Ex parte Garland, supra.)
The proceeding, then, for the removal of an attorney and counselor from practice, being in its nature a criminal proceeding, the defendant in such a proceeding has a right to a change of venue when the regular judge of the court wherein such proceeding is pending is in any manner prejudiced in the case. Section 173 of the criminal code reads as follows:
“Sec. 173. When any indictment or criminal prosecution shall be pending in any district court, the same shall be removed by the order of such court, or judge thereof, to the district court of some county in a different district, in either of the following cases: First, When the judge of the court in which the cause is pending is near of kin to the defendant, by blood or marriage. Second, When the offense charged is alleged to have been committed against the person or property of such judge, or some person near of kin to him. Third, Where the judge is in anywise interested or prejudiced, or shall have been counsel in the cause.” (Gen. Stat., 847; also, Comp. Laws, 258, § 151.)
And for the reason that this section recognizes the fact that a judge who is prejudiced in a case is “disqualified to sit” *407 therein, the defendant in such a case has a right to have a judge pro tern, elected to hear and determine the case. Section 4 of the act concerning district courts reads as follows:
“Sec. 4. A judge pro tern, of the district court maybe selected in the following cases: First, When the judge shall be sick or absent at the commencement of the term. Second, When the judge shall be sick or absent himself during or at the close of any term before all the cases pending in the court at the commencement of the term shall have been reached for trial. Third, When the judge is interested, or has been of counsel in the case or subject-matter thereof, or is related to either of the parties, or otherwise disqualified to sit.” (Gen. Stat., 304, See also const, of Kansas, art. 3, § 20.)
Possibly a change of venue may be had, or a judge pro tern. elected on account of prejudice of the regular judge, even in civil cases. The last section quoted applies to civil cases as well as to criminal cases, and § 56 of the civil code, as amended, reads as follows:
“Sec. 56. In all cases in which it shall be made to appear to the court that a fair and impartial trial cannot be had in the county where the suit is pending, or where the judge is interested, or has been of counsel in the case or subject-matter thereof, or is related to either of the parties, or is otherwise disqualified to sit, the court may, on application of either party, change the place of trial to some county where such objection does not exist.” (Laws of 1870, page 171, § 2.)
What do the words, ‘“ or is otherwise disqualified to sit,” mean? It will be admitted that at common law prejudice did not disqualify a judge; but'still some meaning should be given to said words, if possible. In Kentucky, § 28 of article 4 of their constitution of 1850, reads as follows: “The general assembly shall provide, by law, for holding circuit courts when from any cause the judge shall fail to attend, or if in attendance cannot properly preside ” The general assembly did provide that “When, from any cause, the judge of the circuit court fails to attend, or, if in attendance, cannot properly preside in a cause or causes pending in such court, the attorneys of the court who are present shall elect one of its members then in attendance to hold the court for the occasion, *408 who shall accordingly preside.” (1 vol. Stanton’s Edition Rev. Stat., 321.) Under an old statute of 1815, which seems to have been still in force in 1850, when said constitution of Kentucky was framed, and under the subsequent statutes following, a party had a right to a change of venue on account of prejudice of the judge. Under said constitutional provision, and these statutes, the supreme court of Kentucky held that a defendant in a case almost exactly parallel with this had a right to be tried by a special judge, and not by the regular circuit judge: Turner v. Commonwealth, 2 Metc., (Ky.) 619. Said court held that the words, “any cause,” meant prejudice, as well as other causes. There is no question concerning the constitutionality of our laws regarding a change of venue, when asked for by either party in a civil suit, or when asked for by the defendant in a criminal prosecution; and there is no question concerning the constitutionality of the act authorizing the election of a judge pro tern. The constitution itself expressly provides for such a thing. (Const, of Kas., art. 3, § 20.)
We do not think that the appellant had sufficient notice that this proceeding was instituted for the purpose of disbarring him. The whole proceeding, as it appears from the record brought to this court, would seem to be merely a proceeding for contempt. The judgment of the court below disbarring the appellant is the first‘thing that shows that there was any intention to disbar the appellant. The appellant was not present in person at the trial. Probably it was not necessary that he should have been, as this proceeding cannot'' be considered in the light of a felony. D He was, however, represented by able counsel. But the record does not show that anything transpired during the trial to give even the appellant’s counsel any knowledge of the real object of this prosecution. It is true, that a prosecution of this kind is to some extent a summary prosecution, (Bacon’s Abr., Attorney, H.,) and therefore that it need not be very formal in any of its particulars; but still the defendant must have sufficient notice of the object of the proceeding, so that he *409 may have a full opportunity to defend: Ex parte Heyfrom, 7 How., (Miss.) 127; Ex parte Bradley, 7 Wall., 364, 372, 373; People v. Turner, 1 Cal., 143, 150; Ex parte Garland, 4 Wall., 333, 378. Such notice was not given the appellant in this case. He had a right to believe that the prosecution was merely for a contempt.
We think the court below erred, first, either in not granting the change of venue, or allowing the trial to be had before a judge pro tern.; second, in rendering a judgment against the appellant disbarring him, when no notice had been given to the appellant that such was the nature of the proceeding. The evidence introduced on the hearing of the alternative motion, for a change of venue'or for the election of a judge pro tern., was amply sufficient to show that the judge of the court below was prejudiced against the appellant.
The judgment of the court below must be reversed, and cause remanded for further proceedings.
All the Justices concurring.