## LAFLOID S. BATES vs. A. A. CLIFFORD.

### July 10, 1875.

**Wager on Election.**—An agreement to pay for a certain horse $500.00 in case U. S. G. was elected president of the United States at the next ensuing election, or $150.00 in case H. G. was elected president at the same election, is a wager upon the event of an election, and no action can be founded upon it.

Appeal by plaintiff from an order of the district court for Chisago county, *Crosby*, J., presiding, sustaining a demurrer to the complaint.

*Du Bois Smith*, for appellant.

*Davis, O'Brien & Wilson*, for respondent.

BERRY J. The complaint alleges that on or about August 21, 1872, defendant and plaintiff agreed in writing that if U. S. Grant was elected president of the United States at the then next ensuing election, the defendant should pay the plaintiff $500.00 for a certain horse; but if Horace Greeley was elected president at said election, then defendant should pay plaintiff $150.00 for said horse; that said U. S. Grant was elected president at said election, but defendant has not paid the plaintiff said sum of $500.00, or any other sum. No action can be founded upon the agreement thus alleged, for it is not only a wager, but a wager upon the event of an election. *Wilkinson* v. *Tousley*, 16 Minn. 299; *Cooper* v. *Brewster*, 1 Minn. 94.

. The complaint further alleges that on or about September 19, 1872, plaintiff, at defendant's request, delivered to him the horse before mentioned, (the same being in plaintiff's possession,) " which the defendant thereupon claimed as his own, to which the plaintiff assented ; that the defendant thenceforth retained possession, and used said horse as his own, until in or about the spring of 1873, when he sold said horse as his own, and applied the proceeds of such sale to his own use ; " that the horse was of the value of $500.00, and that defendant has paid nothing therefor.   These allegations of, the complaint also fail to state a cause of action. They set up no contract or tort on account of which defendant has become liable for the price or value of the horse. So far as it can be gathered from the allegations, the transaction between the parties appears to. have been a gift of the horse by plaintiff to defendant.   No connection is alleged to have existed between the transaction of August 21 and that of September 19.

Order affirmed.