STATE OF NEBRASKA, APPELLEE, V. RAY C. SMITH ET AL., APPELLANTS.

FILED DECEMBER 21, 1906. No. 14,557.

1. Appeal: CHANGE OF VENUE. To warrant this court in overruling the action of a trial judge denying an application for a change of venue on the grounds of bias and prejudice of the trial judge against a litigant, the evidence offered in support of the fact of

such prejudice must be clear and convincing, and strong enough to overthrow the presumption of the impartiality of the court.

2. **Harmless Error.** Action of the trial court in the admission of evidence examined, and *held* not prejudicial.

APPEAL from the district court for Lancaster county: ALBERT J. CORNISH, JUDGE. *Affirmed.*

*Billingsley & Greene,* for appellants.

*James L. Caldwell, F. M. Tyrrell* and *C. E. Matson,* contra.

OLDHAM, C.

This was an action instituted by the state of Nebraska to recover the obligation in a recognizance entered into by the defendants for the purpose of securing the appearance of Ray C. Smith at a term, therein named, of the district court for Lancaster county, the said Smith being charged, by proper information in said court, with the crime of bigamy. On a trial of the issues to the court and jury, a verdict was directed for the plaintiff, and judgment rendered on the verdict. To reverse this judgment defendants have appealed to this court.

The first alleged error called to our attention in the brief of the appellants is as to the action of the trial judge in proceeding with the hearing of the cause after defendants had filed an application for a change of venue, supported by the following affidavit: "Robert J. Greene, being first duly sworn, upon oath says that the defendants cannot safely proceed to trial in the above entitled cause before Hon. A. J. Cornish, Judge, or Hon. Lincoln Frost, Judge, because of the interest, bias and prejudice of said judges, and each of them, against this affiant. (Signed) Robert J. Greene." No other testimony than this affidavit was filed or offered in support of the application, which merely alleges in the general terms of the affidavit the prejudice of each of these judges against defendant Greene, without attempting to specify any connection that

either of the judges had with the question at issue that would tend to show any interest in the result of the trial, or any relationship, direct or remote, toward any one connected with the litigation. At common law the right to a change of venue because of prejudice of the trial judge did not exist. But a different rule with reference to such right now obtains in nearly all of the states of this Union. The rule, however, has its origin either in provisions in the constitutions or in statutory enactments of the various states. These provisions have been generally liberally construed in furtherance of the policy of granting to every litigant the right to a fair and impartial trial. And to this end it is generally held that, where a specific constitutional or statutory disqualification of a trial judge is alleged in the form prescribed by statute, the litigant is entitled as a matter of right to the change prayed for.

A specific disqualification for prejudice of a trial judge of a district court is not enumerated in any of our statutes, either civil or criminal, which apply to changes of venue. Section 37, ch. 19, Comp. St. 1905, provides that a judge is disqualified in any case wherein he is a party, or is interested, or is related to either party, or has been attorney for either party. Section 26 of the same chapter provides for interchanging judges where, on account of sickness, interest, absence from the district, "or from any other cause," a judge is unable to act. By section 61 of the code a change of venue is provided for when a fair and impartial trial cannot be had, or when the judge is interested, has been of counsel in the case, is related to either of the parties, "or is otherwise disqualified to sit." These various sections of the statute were examined by this court in the case of *Le Hane v. State,* 48 Neb. 105, and it was there held that, while the bias and prejudice of the trial judge was not specifically provided for in the statute as ground for a change of venue, yet an application for a change of venue on this ground, when made in the interest of a fair trial and supported by sufficient evidence, might be maintained. In the absence of an ex-

press statute providing for a change of venue for prejudice of the judge, and prescribing the means by which the fact of such prejudice may be established, it is generally held that a clear showing must be made of the cause of the disqualification to warrant a reviewing court in setting aside the order of the trial judge overruling such application.

We are cited by appellants to the holding in *Peyton's Appeal,* 12 Kan. 398, in which, in a disbarment proceeding before a district judge, the ruling of the court on a motion for a change of venue because of the prejudice of the judge was reversed by the supreme court of the state of Kansas, in an opinion by Judge Valentine. In this case, however, it was said: "The evidence introduced on the hearing of the alternative motion, for a change of venue or for the election of a judge *pro tem.,* was amply sufficient to show that the judge of the court below was prejudiced against the applicant." In the later case of *City of Emporia v. Volmer,* 12 Kan. 622, where an application for a change of venue because of prejudice of the judge was supported alone by the affidavit of the applicant, the supreme court refused to reverse the action of the trial court in overruling the motion, and Brewer, J., in rendering the opinion, said: "It seems to us therefore that this is the true rule: that such facts and circumstances must be proved by affidavits, or other extrinsic testimony, as *clearly* show that there exists a prejudice on the part of the judge toward the defendant, and unless this prejudice thus *clearly* appears, a reviewing court will sustain an overruling of the application, on the ground that the judge must have been personally conscious of the falsity or non-existence of the grounds alleged. It is not sufficient that a *prima facie* case only be shown, such a case as would require the sustaining of a challenge to a juror. It must be strong enough to overthrow the presumption in favor of the trial-judge's integrity, and of the clearness of his perceptions." While there are cases which hold that, in the absence of a

specific statute awarding a change of venue for prejudice of the judge, the action of the trial court on such an application is not subject to review, yet the reasoning in the case of *Le Hane v. State, supra,* seems to commit us to the doctrine announced in *City of Emporia v. Volmer, supra;* and, as this doctrine is supported by the current of modern authority, we see no good reason for departing from it. The application of the principle herein announced to the showing made in the record in the case at bar requires us to decline to interfere with the action of the trial court in overruling the defendant's application.

The next alleged error called to our attention is as to the action of the trial judge in overruling defendants' motion for a continuance in the case. An examination of the showing made for a continuance convinces us that it was insufficient and the trial judge did not abuse his discretion in overruling the same.

The action of the trial court in the admission of evidence is also alleged against in the brief of the appellants, but, from an examination of the record, the only conclusion that could have been reached from the pleadings and all the testimony admitted was that directed by the trial judge in his charge to the jury. While, in our view, some incompetent evidence was admitted, yet it was nothing that went to the prejudice of defendants' rights, and no evidence was excluded which tended to support any defense to the cause. It was clearly and indisputably established that the defendants entered into the recognizance alleged upon, which was given for the purpose of procuring the attendance of Ray C. Smith at the ensuing term of court to answer to the charge of bigamy, which had been preferred against him by information of the county attorney; and that Ray C. Smith had absconded from the state of Nebraska, and failed and neglected to appear at the term of court at which he was recognized; and that a proper default had been entered upon the bond. In this state of the record, but one conclusion could be reached, and that was that the conditions of the bond had been

forfeited, and the promise to pay of the sureties had become absolute.

We therefore recommend that the judgment of the district court be affirmed.

AMES and EPPERSON, CC., concur.

By the Court: For the reasons given in the foregoing opinion, the judgment of the district court is

AFFIRMED.