IN RE DISCHARGE OF JOHN T. CUMMINGS.
JOHN T. CUMMINGS, APPELLANT, v. CITY OF FALLS CITY,
NEBRASKA, ET AL., APPELLEES.
235 N. W. 2d 627

Filed December 4, 1975. No. 40022.

Weaver & Beekman, for appellant.

Richard L. Halbert, for appellees.

Heard before WHITE, C. J., McCOWN, NEWTON, and CLINTON, JJ., and WINDRUM, District Judge.

WINDRUM, District Judge.

Cummings has appealed from a judgment of the District Court affirming the action of the civil service commission of the City of Falls City, Nebraska, in suspending Cummings from his duties as a police officer, without pay, from October 16, 1974, through November 30, 1974.

On October 15, 1974, written charges against said officer Cummings were prepared at the home of Jim Baker, assistant chief of police of Falls City. Said charges were addressed to Ivan Bieck, chief of police, Falls City, Nebraska. At the meeting at the home of Jim Baker, which lasted approximately 1½ hours, there were in attendance various police officers, Donald Laney, who was a member of the civil service commission of Falls City, and a Mr. Don Ankrom, who was not otherwise identified in the record. The written complaint that was composed as a result of said meeting was signed by six fellow police officers of Cummings. The complaint was delivered to the chief of police who thereafter filed the same with the civil service commission. Since appellant does not claim any error or prejudice in any matter of procedure had before the civil service commission except that Donald Laney was present at the meeting of the officers where the charges were dis-

cussed, nothing would be gained to recite the entire procedural steps taken except to relate that on November 11, 1974, as a result of hearings held before the civil service commission on November 5 and 6, 1974, the civil service commission ordered that John T. Cummings be suspended without pay from October 16, 1974, through November 30, 1974, and placed on probation from December 1, 1974, through May 31, 1975, based upon the following findings:

"* * * that John T. Cummings has conducted himself in such a manner as to be guilty of Incompetency, Inefficiency, Inattention to or Dereliction of Duty within the meaning of Section 19-1808(1) (sic) of the Revised Statutes of the State of Nebraska.

"* * * that John T. Cummings had been insubordinate, discourteous to the public and to fellow employees, tending to injure the public service within the meaning of Section 19-1808(2) (sic) of Nebraska Statutes.

"* * * that John T. Cummings had been guilty of other acts or failures to act which, in the judgment of the Civil Service Commission, are sufficient to show him to be an unsuitable or unfit person to be employed in the public service within the meaning of 19-1808(7) .(sic) of the Nebraska Statutes."

From this order Cummings appealed to the District Court for Richardson County, Nebraska. Under date of January 2, 1975, the District Court for Richardson County found that the civil service commission of the City of Falls City did act in good faith for cause in suspending the officer as above related, but that said commission did not have authority to include as a part of the discipline imposed a period of probation. This appeal followed.

Cummings' basic contention is that there was insufficient evidence to establish that his dismissal was made in good faith for cause. The Civil Service Act regulates the hiring, suspension, and discharge of certain employees of the fire and police departments in the cities where

it is applicable. It prohibits the suspension or discharge of employees for political or religious reasons, but provides that employees may be suspended or discharged for cause for any of the reasons which are listed in section 19-1807, R. R. S. 1943.

Testimony was adduced at the hearing before the commission indicating that Cummings had been advised by proper authority that his driving habits so far as operating patrol cars was concerned was subject to criticism. Evidence was adduced as to specific instances of his careless and reckless driving, both while in the pursuit of vehicles and while not in pursuit of vehicles, which occurred after said warnings. Evidence was adduced indicating that Cummings had announced beforehand that he was going "to get" certain individuals before his shift was over. Evidence was adduced to indicate that on one occasion he had laughed at the recipient of a traffic citation he had issued, at the time of issuing the same. Evidence was adduced indicating that he disseminated information as to a possible raid to persons not entitled to such information. By his own admission Cummings made a derogatory remark about a fellow officer or officers to a person or persons outside the police department. If such evidence was believed, there was sufficient evidence to substantiate each of the findings determined by the commission.

An explanation of the statutory civil service scheme is contained in Ackerman v. Civil Service Commission, 177 Neb. 232, 128 N. W. 2d 588, and Sailors v. City of Falls City, 190 Neb. 103, 206 N. W. 2d 566. Both cases stand for the proposition that the purpose of the appeal to the District Court is to permit the employee to obtain a determination only as to whether the order of the commission was made in good faith for cause. If the evidence in the District Court is sufficient to show that the order of the commission was made in good faith for cause, then the order of the commission must be affirmed.

The record fully sustains the finding of the District Court that the order of the commission was made in good faith for cause.

Cummings maintains that the civil service commission did not act in good faith for the reason that one of its commissioners did not disqualify himself. The only evidence appearing in the record is that the commissioner was present at a meeting which lasted about 1½ hours in the home of the assistant police chief where the complaints against Cummings were formulated and thereafter reduced to writing. The record is absolutely devoid of any further evidence of the commissioner's activities relative to anything germane to this issue. One asserting the disqualification of a civil service commissioner for prejudice must prove facts and circumstances which clearly show such bias or prejudice in order to overcome the presumption of impartiality. State v. Smith, 77 Neb. 824, 110 N. W. 557; Sailors v. City of Falls City, *supra*. Appellant has not met his burden of proof that the commissioner should have disqualified himself.

Appellant contends that he was denied due process of law. The basis for his contention seems to be that the statute provides that the commission shall make suitable rules and regulations, not inconsistent with the purpose of the provisions of the act creating the civil service commission, and therefore that not only must rules and regulations be promulgated in some manner or form, but that the penalty for a violation of the rules and regulations themselves must be promulgated. Appellant cites no authority for said proposition.

This court in Sailors v. City of Falls City, *supra*, affirmed the judgment of the District Court in upholding the civil service commission of Falls City, in discharging a police officer, at a time when the commission had not promulgated such rules as provided by statute. The court pointed out that the officer was not dismissed for any technical violation of the rules or regulations of

the commission or the police department, but that he was discharged for reasons specifically enumerated in section 19-1807, R. R. S. 1943, in accordance with the procedures spelled out in the statutes. In the instant case, the appellant was discharged for reasons specifically enumerated in section 19-1807, R. R. S. 1943. Further, police regulations for the City of Falls City, Nebraska, compiled by the civil service commission in 1972, were received into evidence. Appellant has not pointed out to this court any portion of said regulations which would lead to any prejudice insofar as appellant is concerned in any matter germane to this action. This court can find nothing contained therein which would in any way prejudice appellant thereby depriving him of due process of law. Lastly, the applicable statute does not provide that such rules and regulations designate penalties for the violation thereof.

Appellant contends that he was denied equal protection of the law. He cites no authority for such contention, but merely maintains that the list of reasons in section 19-1807, R. R. S. 1943, are arbitrary, capricious, and discriminatory when applied to civil services locally and civil services on a statewide basis. It is his contention that an officer in one locale might be discharged while another, committing the very same act in another locale, might be only demoted, suspended without pay for a time certain, or warned or censured by his department head or the local civil service commission. Since the criteria for discharge is created by statute which is applicable throughout the state, and since each discharged employee has the right of appeal to the District Court, said contention is without merit.

The judgment of the District Court is affirmed.

AFFIRMED.