JACOB CURRAN, who sues by his next friend, Plaintiff in Error, *v.* WILLIAM W. BEACH, Defendant in Error.

ERROR TO COOK COUNTY COURT OF COMMON PLEAS.

Where the ground presented for a change of venue relates to the Judge of the Cook Circuit Court, the venue may be changed to the Common Pleas Court of that county.

ALL the material facts of this case are stated in the opinion of Mr. Justice WALKER.

J. J. McGILVRA, for Plaintiff in Error.

J. A. JAMESON, and C. B. WAITE, for Defendant in Error.

WALKER, J.   This was an action on the case, commenced in the Cook Circuit Court, at the October term, 1856, by Jacob W. Curran, who sues by his next friend, George J. Harris, against William W. Beach.  A summons was returned not found, and an alias issued and returned served, January 17th, 1857.   The case was continued from term to term, until the November term, 1857, when defendant entered a motion for a change of venue. The motion was allowed, and the venue was changed to the Cook County Court of Common Pleas.  At the February term of the last named court, defendant entered a motion to dismiss the suit, which the court overruled, but struck the cause from the docket; to which decision of the court, in striking the case from the docket, plaintiff excepted ; and, to reverse this judgment, prosecutes this writ of error.

The only question presented by this record is, whether the venue was properly changed from the Cook Circuit Court to the

Cook County Court of Common Pleas. The second section of the practice act, R. S. p. 413, provides, that it shall not be lawful for any plaintiff to sue a defendant, out of the county where the latter resides or may be found, except in specified cases. The chapter entitled Venue, R. S. 527, provides, that when either party in a civil suit may fear that he will be unable to have a fair trial in the court in which the action is pending, on account that the judge is interested or prejudiced, or shall have been of counsel for either party, or that the adverse party has an undue influence over the minds of the inhabitants of the county, or that the inhabitants of such county are prejudiced against the applicant, so that he cannot expect a fair trial, such party may apply to the Circuit Court in term time, or to the judge in vacation, by petition, verified by affidavit, setting forth the cause for a change of venue, and, if sufficient, that the court or judge shall award a change of venue to some county where the causes do not exist. This cause was argued by the counsel in the case, upon the assumption, that the cause for the change of the venue related to the Judge of the Circuit Court, and not to the inhabitants of the county, and we shall so consider the question. From the provisions of the practice act referred to, it is obvious, that it was the intention of the legislature to require all suits to be brought and tried in the county of the defendant, where the trial could be fair and impartial. But the act regulating changes of venue, for the purpose of securing to the parties an impartial trial, provides that where causes existed which would prevent such a trial where the suit is brought, then the case should be sent to some county where the causes complained of do not exist. In this case, the objections to a fair trial related to the Judge of the Circuit Court, and not to the inhabitants of the county; and no reason is perceived why the parties should be sent for trial to a distant county, when a fair and impartial one could be had where the suit rightfully originated. The Common Pleas is a court of concurrent jurisdiction with the Circuit Court within the limits of Cook county, and the suit might, if desired, have been instituted in that court. Then, to change the venue from the Circuit Court to the Common Pleas, when the causes did not exist in the latter court, would, clearly, better effectuate the legislative intent, as expressed in the second section of the practice act, than to change the venue to another county. And this does not violate the object of the law regulating changes of venue, but is equally promotive of the object of that act. This court, in the case of *Searles* v. *Munson,* held that the venue was well changed from the Lake County Court to the Lake Circuit Court, under the chapter entitled Venue. In the act establishing the Lake County Court, there was no pro-

vision in regard to change of venue. The court placed it upon the grounds, that it falls within the reason and spirit of the general law on the subject. 17 Ill. R. 561. That case is decisive of this, as every reason which applied in that, applies with equal force to this case.

The venue was well changed from the Cook Circuit Court to the Cook County Court of Common Pleas, which had jurisdiction to try the cause, and erred in striking it from the docket; and the judgment of the court below must therefore be reversed, and the cause remanded.

*Judgment reversed.*