PETER BARR

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

*Filed at Ottawa May 12, 1882.*

1. CHANGE OF VENUE—*in criminal case, may be to county court.* A change of venue, in a case of misdemeanor, on account of the prejudice of the circuit judge, may properly be granted to the county court of the same county, if that court has jurisdiction of the offence charged in the indictment.

2. SAME—*statute relating to, construed.* The amendatory act of 1881, relating to change of venue on account of the prejudice of the circuit judge, providing that upon the filing of.the proper petition and affidavits, the cause, by operation of law, *may* be tried by any other of the circuit judges of the circuit, does not, in express terms, or by implication, repeal the provision of section 19 of the Revised Statutes of 1874, relating to the same subject, which provides that the venue may be changed to some other court of competent jurisdiction in the same county, as both may well stand together.

3. STATUTE—*repeal by implication.* A later statute will not be held to repeal a former one by implication, when the repugnancy between the provisions of the two is not such that they can not both stand together.

4. COUNTY COURT—*jurisdiction of indictment for misdemeanor.* The county court has jurisdiction to try an indictment for selling spirituous liquor to a minor without having the written consent of his parents, etc., when sent to it by the circuit court in pursuance of an application for a change of venue on account of the prejudice of the circuit judge.

5. JURY—*mode of summoning in county court.* The county court is authorized by statute, when a jury has not been drawn and summoned as required in the circuit court, on the first day of the term, after ascertaining what cases are to be tried by jury, to have a *venire* issued for twelve jurors, or less, by agreement of the parties, who shall be summoned by the sheriff from the body of the county to serve as jurors for each trial had during the term. The order for such jury to serve during the term, instead of the particular case in which one is demanded, is not error.

WRIT OF ERROR to the Appellate Court for the Second District;—heard in that court on writ of error to the County Court of Will county; the Hon. BENJAMIN OLIN, Judge, presiding.

The plaintiff in error was, at the May term, 1880, of the Will county circuit court, indicted for selling intoxicating liquor to a minor without first having the written consent of his parents, guardian, or family physician. After the return of the indictment, and entering a plea of not guilty, the defendant, upon the proper petition and affidavits, moved the court for a change of venue, because of the alleged prejudice of the circuit judge then presiding, whereupon the court ordered that the venue of the cause be changed according to the prayer of the petition, and ordered that the cause be certified to the county court of Will county for process and trial. The order last named was obeyed by the clerk of the circuit court, and the cause was docketed in the county court of Will county for trial at the July term, 1880, of that court. At that term the defendant moved that court to strike the case from the docket, for the reason that the county court did not have jurisdiction of the case, which motion the court overruled, and the defendant excepted. Afterward, when the jury that tried the case was called by the clerk, the defendant challenged the array of the jury, and also moved the court to quash the *venire* by virtue of which they were summoned, both which motions the court denied, and defendant excepted. The trial resulted in a verdict finding the defendant guilty, as charged in the second count of the indictment. A motion for a new trial was made and overruled, to which exception was taken, and judgment was entered on the verdict, which, on appeal to the Appellate Court for the Second District, was affirmed, and the case brought here on writ of error.

Messrs. HALEY & O'DONNELL, for the plaintiff in error.

Mr. JAMES McCARTNEY, Attorney General, for the People.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

The points relied upon for the reversal of the judgment are, the ordering by the circuit court that the cause be certified to the county court of Will county for trial, the refusal to quash the *venire,* and the insufficiency of the evidence to support the verdict.

As the prayer of the petition for a change of venue was that the venue be changed according to law, and the circuit court ordered that the venue of the cause be changed according to the prayer of the petition, and there was at the time a statute in force providing that when the cause for a change of venue is the prejudice of the judge, and there were the proper petition and affidavits, "thereupon the case may be tried by any other of the circuit judges of the circuit in which the case is pending to whom the cause alleged does not apply," it is argued that upon the filing of the proper petition and affidavits, the cause then, by operation of law, stood transferred to some other judge of the circuit, and the judge from whom the change of venue was asked had no jurisdiction afterward to change the venue to the county court. This is a too straitened construction of the statute. The Revised Statute in relation to the change of venue, of July 1, 1874, provided that when a change of venue is granted, it may be to some other court of competent jurisdiction in the same county to which there is no valid objection. (Rev. Stat. 1874, p. 1095, sec. 19.) We understand that provision of this 19th section to be still in force, and not repealed by the later statute above referred to, providing that in case of such an application, because of the prejudice of the judge, the case may be tried by any other of the circuit judges of the circuit to whom the cause alleged does not apply. This later act has no repealing clause, and so does not expressly repeal any provision of the statute of 1874, and does not do so by implication, unless, according to the well known rule, there

is such a repugnancy between the provisions of the two statutes that they can not stand together. The later statute does not say the case *shall*, but that it *may*, be tried by any other of the circuit judges of the circuit. This is not inconsistent with the power under the former statute to change the venue to the county court of the county, and the two statutes in this respect may well stand together.

Even before the statute of 1874, changes of venue to courts of the same county, against which no valid objection existed, were authorized. In the case of *Curran* v. *Beach*, 20 Ill. 259, this court sustained a change of venue granted from the judge of the Cook county circuit court to the common pleas court of Cook county.

Further, by section 120, ch. 37, Rev. Stat. 1874, p. 344, it is provided that when the grand jury of the circuit court shall indict for offences cognizable in the county court, such indictments may, in the discretion of said circuit court, be certified under the seal thereof to the county court for process and trial, etc. The offence in question was one cognizable in the county court, though the mode of commencing the prosecution there is by information instead of by indictment.

We are of opinion there was full power in the circuit court to order the change of the venue of the cause, as it did, to the county court, and that the latter court had jurisdiction to try the same.

At the July term of the county court, at which the defendant was tried, the court made the following order for a jury: "It is ordered by the court that the clerk issue a *venire facias*, directed to the sheriff of said county, commanding him to summon twelve good and lawful men of said county to serve as jurors during the present term of court, or until discharged, returnable on Monday, the 19th day of July, A. D. 1880, at 10 o'clock A. M." It is insisted the motions in challenge of the array of the jury, and to quash the *venire*, should have

been sustained, because the county court had no right to summon a jury in that manner.

The eighth section of chapter 78, Rev. Stat. 1874, p. 631, provides in what manner jurors shall be selected and summoned for the term of the circuit court, and section 110, of chapter 37, Rev. Stat. 1874, p. 342, provides that unless the court shall otherwise order (as was not done in this case), the jury for the law terms of the county court shall be drawn and summoned in the same manner as juries are drawn and summoned for the circuit court. This jury was not drawn and summoned in that manner, as is contended it should have been. But said section 110 provides further another manner of getting a jury for the county court, when a jury is not summoned as above provided, which is by the court, on the first day of each term, calling all the cases for trial on the docket, to ascertain what cases are to be tried by a jury; and if a jury shall be demanded by either party to any one case on the docket of the county court, the judge may direct the clerk of the county court to issue a *venire* for twelve jurors, unless the parties to the case shall consent to have the case tried by a less number of jurors, and the sheriff shall then summon such jurors from the body of the county to serve as jurors for such trial, and then the court may retain such jury so summoned to try all jury cases which are for trial at that term. For anything that appears in the record, the jury were summoned in conformity with this provision of section 110, and the presumption that the jury were so summoned will be indulged in support of the action of the court.

It is objected that there should not be this presumption here, for the reason that it appears the action of the court was not in pursuance of this provision, in that the *venire* was not issued or ordered to be issued in and for any particular case, and that the order of the court and the *venire* show that it·was a general order of court for twelve men to serve as jurors for the term, without reference to any case. As the

provision is that the jurors summoned to serve as jurors for the trial of the particular case in which a jury is demanded, may be retained by the court as a jury to try all jury cases which are for trial at the term, the legal effect is, that a jury ordered and summoned in compliance with this provision of the statute is a jury to serve during the term, if such be the pleasure of the court; so that the ordering and summoning of the jury to serve during the term, instead of in the particular case in which a jury is demanded, is but expressing the legal effect of summoning a jury in the latter mode, and the distinction is but one of form. We find nothing substantial in the objection to the jury.

Upon perusal of the testimony, we see no reason for disturbing the verdict of the jury on the ground that it was not supported by the evidence.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*