THE CHICAGO, BURLINGTON AND QUINCY RAILROAD COMPANY

*v.*

NOAH C. PERKINS, Admr.

*Filed at Ottawa May 9, 1888.*

1. CHANGE OF VENUE—*prejudice of the presiding judge.* An application was made for a change of venue, on the ground of prejudice of the presiding judge against the applicant. The petition showed that one of the other judges in the circuit had been of counsel for the other party, but showed no objection to the third judge of the circuit, who was then present in the county, holding a branch court: *Held,* no error to refuse the application, as the cause might have been tried by such other judge against whom no objection was made.

2. JUROR—*competency—as having formed an opinion, or not.* On the trial of an action brought by the administrator of a deceased person against a railway company, for causing the death of the intestate, a juror was called, who stated that he had heard of the accident at the time the intestate was killed, and had heard people talk about the matter, but that he had no opinion in the case from what he had read, or otherwise: *Held,* no error to overrule a challenge to the juror for cause.

3. In the same case a juror called was examined and accepted by the defendant. The plaintiff challenged him for cause. In reply to a question by the court, the juror stated that he had an opinion in regard to which one of the parties ought to recover in the case: *Held,* that under this statement the juror was not impartial, and was subject to challenge for cause by either party.

4. NEGLIGENCE—*flagman at railroad crossings—duty not limited by statute.* On the trial of an action against a railway company to recover for an injury at a street crossing, the court allowed the plaintiff to prove the fact that the company had no flagman stationed at such crossing, without any proof that the city authorities had ever notified the company that a flagman was necessary: *Held,* there was no error in the admission of the evidence.

5. It is the duty of a railway company, in the running of its trains, to use ordinary care and prudence to guard against injury to the persons or property of those who may be traveling upon the public highways and have occasion to cross its tracks, whether the specific duty be prescribed by the statute or not. The fact that the statute may provide one precaution, will not relieve the company from adopting such others as public safety and common prudence may dictate.

6. Practice—*improper remarks of counsel to jury.* In the statement or argument of a case to the jury, counsel should be confined to the facts of the case; yet it is impossible to lay down any general rule as to what shall or shall not be said. Much latitude is always allowed in the argument of a cause to the jury.

Appeal from the Appellate Court for the Second District;— heard in that court on appeal from the Circuit Court of La Salle county; the Hon. Dorrance Dibell, Judge, presiding.

Mr. Samuel Richolson, and Mr. O. F. Price, for the appellant.

Messrs. Duncan, O'Connor & Gilbert, for the appellee.

Mr. Justice Craig delivered the opinion of the Court:

This cause was before us at a former term, and the judgment was reversed and the cause remanded, for the reason that an erroneous instruction had been given for the plaintiff. (*Chicago, Burlington and Quincy Railroad Co.* v. *Dougherty,* 110 Ill. 523.) After the remanding order had been filed, at the January term, 1885, of the circuit court of La Salle county, and on the 16th day of January, the defendant filed a petition for a change of venue. The ground relied upon in the petition for a change of venue was, that George W. Stipp, one of the judges of said court, was prejudiced against the defendant, and Charles Blanchard, another of said judges, had been counsel for the plaintiff, in regard to the matters in controversy. The court overruled the petition for a change of venue, on the ground that another circuit judge of the circuit, Josiah McRoberts, was then holding a branch court in La Salle county, and as he was not alleged in the petition to be prejudiced against defendant, it could have a fair trial before him, which obviated the necessity of sending the cause to another county. No trial was had at this term of court, but at a subsequent term, on February 21, 1887, a trial of the cause was had before Judge Dibell, who had succeeded Judge McRoberts, and

the jury returned a verdict in favor of the plaintiff, upon which the court entered judgment.

It is first claimed that the court erred in denying a change of venue. It appears from the bill of exceptions, that the application was predicated on the fact that one of the circuit judges was prejudiced against the defendant, and another of the judges of the circuit had been counsel for the plaintiff; but the bill of exceptions also shows that the third judge of the circuit was, at the time of the application, present in the county, holding court, and no complaint is made that he was prejudiced, or in any manner incapacitated from trying the cause. It is quite apparent that the object of the statute allowing a change of venue on account of the prejudice of the judge, was to secure a trial before a judge who was unprejudiced. If the object intended can be obtained as well by not sending the cause to another county as by doing so, the useless expense of the transfer ought to be avoided. Under our present statute, three judges are elected in each circuit. If one is prejudiced, and if another has been counsel in the cause, if the third judge is unprejudiced, and present holding court when the application is made, no reason occurs to us why the cause should, under such circumstances, be sent to another county. The statute must receive a reasonable construction; one that will promote the ends of justice; one which will carry out the end intended,—that is, a party should not be compelled to submit to a trial before a prejudiced tribunal. We think the decision of the circuit court, on the motion to change the venue of the cause, was right, and in harmony with the ruling of this court as held in the following cases, where a similar question was involved: *Curran* v. *Beach*, 20 Ill. 259; *Myers* v. *Walker*, 31 id. 353.

In the selection of the jury, the defendant challenged, for cause, the juror Fry; but the court overruled the challenge, and the defendant excused him peremptorily. The ruling is relied upon as error. The juror had heard of the accident at

the time deceased was killed, and had heard people talk about the matter, but he stated that he had no opinion in the case from what he had read, or otherwise. From this statement we perceive no error in the ruling of the court.

The defendant accepted the juror Pool, and plaintiff challenged him for cause, and the court sustained the challenge. The juror, in reply to a question asked by the court, said he had an opinion in regard to which one of the parties ought to succeed in the case. Under this statement he was not an impartial juror, and either party might, if they saw proper, challenge him for cause.

Objection is made to remarks of counsel for plaintiff, in opening the case, to the jury, that an appeal was made to the prejudices of the jury. In the statement or argument of a case to a jury, counsel should be confined to the facts in the case; but, at the same time, it is impossible to lay down any general rule as to what shall or shall not be said. Much latitude is always allowed in the argument of a cause before a jury, and so far as appears, nothing was said here which can be regarded as error.

Section 99, of chapter 114, Starr & Curtis' edition of the statutes of Illinois, provides: "In all cases where the public authorities having charge of any street over which there shall be a railroad crossing, shall notify any agent of the corporation owning, using or operating such railroad, that a flagman is necessary at such crossing, it shall be the duty of such railroad company, within sixty days thereafter, to place and retain a flagman at such crossing, who shall perform the duties usually required of a flagman," etc. It does not appear that the railroad company was ever notified that a flagman was necessary at the crossing where the accident occurred, and it is claimed that the court erred in allowing the plaintiff to prove that no flagman had been stationed at the crossing. If a railroad company, in the running of its trains, had no duty to perform except what the legislature might prescribe, the posi-

tion of counsel might be well taken; but such is not the case. A railroad company, in the running of its trains, is required to use ordinary care and prudence to guard against injury to the person or property of those who may be traveling upon the public highways and are required to cross its tracks, whether required by the statute or not. The fact that the statute may provide one precaution, does not relieve the company from adopting such others as public safety and common prudence may dictate. *Shober* v. *St. Paul, Minneapolis and Minnesota Railway Co.* 28 Minn. 107.

Other rulings of the court in regard to the admission and exclusion of evidence have been criticized, but we perceive no substantial error in this regard.

It is also insisted that the court erred in its rulings on the instructions. No instructions were asked or given in behalf of the plaintiff. The defendant requested the court to give twenty-four instructions. Nineteen were given; some of them were, however, modified. Whether all the modifications were entirely accurate or not, it will not be necessary to inquire, as it is apparent that all the law involved in the case, so far as the rights of the defendant were to be affected, was fully given to the jury by the instructions.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*