The Chicago and Alton Railroad Company

*v.*

Turner S. Sanders.

*Filed at Springfield January 14, 1895.*

1. Appeals and errors—*when party cannot complain of instruction.* A defendant cannot complain of an instruction given for the plaintiff, when he himself asks and procures to be given one of the same kind.

2. Railroads—*question of negligent management of train is for the jury.* The question whether it is negligence to speed an extra train at a rapid rate over a private crossing without ringing a bell or giving some other warning, when the approach of the train is concealed from view by the presence of obstructions on or near the right of way, is for the jury.

3. Instructions—*assuming facts are properly refused.* An instruction that an engineer would be justified in assuming that one whom he saw approaching a crossing at some distance would keep a reasonable lookout, and stop before going upon the crossing, is erroneous, as assuming that such person did not keep such a lookout,

154 531
162 132

154 531
63a 175
63a 235

154 531
168 189
168 236

154 531
169 508

154 531
78a 666

154 531
84a 167

154 531
192 3 25

154 531
101a 9
e101a 37

154 531
e106a 2 510

and announcing that the engineer would be justified in assuming a certain state of facts.

4. SAME—*as to bushes and grass growing upon right of way.* An instruction that the law does not require a railroad company to prevent bushes or grass from growing upon its right of way so as to obstruct the view of persons using a private crossing, is objectionable as an abstract statement, and also misleading, where the question is whether bushes or grass constituted an obstruction to the view.

*C. & A. R. R. Co.* v. *Sanders,* 55 Ill. App. 87, affirmed.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Sangamon county; the Hon. JAMES A. CREIGHTON, Judge, presiding.

GREENE & HUMPHREY, and WILLIAM BROWN, for appellant :

A railroad company has the right to rest upon the belief that people approaching a crossing in plain view of a train will not deliberately drive on to the track in front of it. Trains do not have to slacken their speed on approaching farm crossings. *Railroad Co.* v. *Miller,* 76 Ill. 278.

It makes no difference that a team is seen approaching a railroad. *Railroad Co.* v. *Harwood,* 80 Ill. 88 ; *Railroad Co.* v. *Robinson,* 9 Ill. App. 89.

The engineer may assume that the person approaching will wait. *Railroad Co.* v. *Lee,* 68 Ill. 576 ; *Railroad Co.* v. *Knight,* 13 Ill. App. 431; *Railroad Co.* v. *Manley,* 58 Ill. 300 ; *Railroad Co.* v. *Jones,* 76 id. 311; *Railroad Co.* v. *Damerell,* 81 id. 450 ; *Railroad Co.* v. *Neikirk,* 15 Ill. App. 172 ; *Railroad Co.* v. *Hurst,* 25 id. 181; *Railroad Co.* v. *Florens,* 32 id. 365.

The traveler has the greater control, and should stop. *Railroad Co.* v. *Jones,* 76 Ill. 311; *Railroad Co.* v. *Willisch,* 8 Ill. App. 242.

The statutory requirement of warning does not apply to private crossings. *Railroad Co.* v. *Neikirk,* 15 Ill. App. 172.

McGuire & Salzenstein, for appellee:

.    A railroad company must run its trains at such speed, and do such other acts, as reasonable care and precaution would require under the circumstances, whether those acts are required of it by statute or not.  *Railroad Co.* v. *Engle*, 84 Ill. 397; *Railroad Co.* v. *Dillon*, 123 id. 57; *Railroad Co.* v. *Perkins*, 125 id. 131; *Railroad Co.* v. *Lane*, 130 id. 116.

Magruder, J.: This is an action for a personal injury, brought by appellee against appellant. The trial in the Circuit Court resulted in verdict and judgment in favor of the plaintiff. The judgment of the Circuit Court has been affirmed by the Appellate Court. The present appeal is prosecuted from such judgment of affirmance.

The last point discussed by counsel relates simply to the alleged "insufficiency of the evidence to support the verdict." As there is evidence tending to establish the cause of action, it was proper to submit the case to the jury. (*L. S. & M. S. Ry. Co.* v. *Johnsen*, 135 Ill. 641). This being so, the judgment of the Appellate Court affirming that of the Circuit Court is conclusive of the facts, so far as this Court is concerned.

It is contended, that the court erred in giving for the plaintiff the following instruction:

"1. The court instructs the jury, that if they believe, from the evidence, that the plaintiff, while in the exercise of ordinary care and caution for his own safety, was injured by or in consequence of the negligence of the defendant, as charged in the declaration, or in either one of the counts thereof, then you will find the defendant guilty."

Counsel say that the proof did not show negligence on the part of the defendant, nor the exercise of ordinary care on the part of the plaintiff; and that, therefore, this instruction was not proper. This objection is disposed of by what has already been said. Whether the defendant was guilty of negligence, or whether the plaintiff exer-

cised ordinary care, were questions of fact for the jury, and need not be discussed here.

Moreover, it is the settled doctrine of this court, that a defendant cannot complain of an instruction given for the plaintiff when he asks and procures to be given one of the same kind himself. (*Consolidated Coal Co.* v. *Haenni,* 146 Ill. 614, and cases cited). Here, appellant asked, and there was given in its behalf, the following instruction :

"1. The court instructs the jury, that the plaintiff cannot recover in this case unless you believe, from the evidence, that he was injured through the negligence of the defendant while he himself was in the exercise of at least ordinary care."

A comparison of this instruction with the one complained of shows, that there is substantially no difference between them, and that both submit to the jury to determine from the evidence the question of the defendant's negligence and the question of the plaintiff's exercise of ordinary care.

It is claimed, that the trial court erred in refusing to give the eleventh instruction asked by the defendant, and in modifying it and giving it as modified. The instruction as asked is as follows :

"11. The jury are further instructed, that the statutes of this State do not regulate or prescribe the speed at which trains may be run, nor do they require any whistle to be sounded or bell rung on trains approaching private crossings and within the enclosed right of way of a railroad company. It is true that, even at such a place, circumstances may exist which would render it the duty of the engineer or person in charge of such train to ring a bell or sound a whistle or stop the train, but such duty would only arise when the engineer or person in charge of the train had discovered that some person was running into danger. Until such fact became reasonably apparent there was no duty to make any signal or stop the train."

The instruction.as modified and given is as follows:

"11. The jury are further instructed, that the statutes of this State do not regulate or prescribe the speed at which trains may be run, nor do they require any whistle to be sounded or.bell rung on trains approaching private crossings and within the enclosed right of way of the railroad company. While it is true that, even at such a place, circumstances may exist which would render it the duty of the engineer or person in charge of such train to ring the bell or sound the whistle or stop the train, yet such duty would only arise when such facts and circumstances are averred and proven as would make it a duty to do so, and to show that a failure to do so would be negligence; and in this case, unless you believe, from the evidence, that such facts and circumstances are proven, there was no duty to make any signal or stop the train."

We think that the instruction as modified was quite as favorable to the defendant as the circumstances and law of the case warranted.

The railroad right of way ran about north and south through the farm of one Bunker, about 40 acres with the buildings being on the west side and some 200 acres on the east side. Plaintiff was an employee of Bunker, and, on August 30, 1892, when the accident occurred, was driving a wagon from the west towards the east across the right of way and track of the defendant. The crossing was a private crossing for the benefit of Bunker. The evidence tends to show, that the train, which struck the wagon and injured the plaintiff, consisted of an engine and caboose, and was coming from the north, not on schedule time but as an extra or wild train, and was moving noiselessly and rapidly, the rate of speed being fixed by the witnesses all the way from 30 to 50 miles per hour; that the crossing had been in use for many years; that for a considerable distance north of the crossing there were bushes and small trees and a hedge fence upon the right of way, and on or near the right of way

was a large cotton-wood tree; that these objects obscured the view of the track to the northward from one approaching the crossing; that there was something of an angle in the track at the crossing; that the ground is low as one approaches the gate and rises at the gate; that the train approached the crossing without ringing a bell, or blowing a whistle, or giving other notice of its approach.

For the purposes of this case it may be conceded to be true, as is claimed by appellant, that the statute of this State does not require the ringing of a bell or the sounding of a whistle at a private crossing, and that, in the absence of any statute, or municipal regulation, prescribing the rate of speed at which railroad companies may run their trains, they may adopt such rate as they deem advisable, provided the same is reasonably safe. But persons, who are entitled to use a private crossing, may do so at all reasonable times, and, in crossing, they have a right to be on the right of way and on the track. Hence, they cannot be regarded as trespassers; and it cannot be said, that a railroad company is liable only for gross negligence when an injury is inflicted upon a person passing over such a crossing with due care and caution. On the contrary, the railroad company is charged with the duty of exercising reasonable care to avoid injury to those entitled to use the private crossing. We are not prepared to hold, that it is not negligence to speed an extra train at a rapid rate over such a crossing, without ringing a bell or giving some warning, when the approach of the train is concealed from view by the presence on or near the right of way of hedges, or bushes or trees, or other obstructions. (Thornton on Railroad Fences and Private Crossings, secs. 291, 292; *Thomas* v. *D. L. & W. Co.* 8 Fed. Rep. 730). In *C. & A. R. R. Co.* v. *Dillon*, 123 Ill. 570, we said: "Without regard to the statute, it is the duty of those having charge of trains to give notice of their approach at all points of known or apprehended danger." (*C., B. & Q. R. R. Co.* v. *Perkins*, 125 Ill. 127). The question

of negligence will depend upon the special circumstances of each case, and is a matter for the determination of the jury. (*D. L. & W. Ry. Co.* v. *Converse*, 139 U. S. 499; *C. & I. R. R. Co.* v. *Lane*, 130 Ill. 116; *Continental Imp. Co.* v. *Stead,* 95 U. S. 161).

Appellant's eleventh instruction as originally drawn was erroneous, because it made the duty of the person in charge of the train depend upon his discovery that a person was in danger, when his duty in the premises depended upon the question whether he could have made such discovery by the exercise of reasonable diligence and could have avoided the accident by ordinary prudence. (*L. S. & M. S. Ry. Co.* v. *Bodemer*, 139 Ill. 596). Under the facts of the present case, not merely the discovery of a person in danger, but the existence of obstructions, which obscured the view of a crossing known to be in constant use, required the exercise of reasonable diligence and care to avoid injury by a train passing over the crossing. The eleventh instruction as modified and given conforms in substance to the tenth instruction given for defendant.

It is also assigned as error, that the court refused to give the twelfth instruction asked by the defendant. That instruction is as follows :

"12. You are further instructed, that if you believe, from the evidence, that the engineer in question saw, or might have seen, the plaintiff approaching the crossing at some distance, yet the engineer would be justified in assuming that the plaintiff would keep a reasonable lookout, and stop before going upon the crossing; and if you further believe, from the evidence, that when the engineer and fireman saw the plaintiff was not about to stop and was about to incur danger, they did all that they could to avoid injuring plaintiff, and that it was then too late to do so, you will find for the defendant."

We think that this instruction was erroneous for two reasons. *First,* it assumes that the plaintiff did not keep

a "reasonable lookout," when it was for the jury to determine whether he did or not. *Second,* it announces that the engineer would be justified in assuming a certain state of facts, and is therefore subject to the criticism passed upon a similar instruction in *I. C. R. R. Co.* v. *Slater,* 139 Ill. 190; where there was under consideration an instruction informing the jury, "that an engineer has a right to presume that a team approaching a crossing will stop," etc., and we said of it: "It was improper for the court to say, as a matter of law, that the engineer might presume anything. Presumptions had nothing to do with the question involved."

The refusal of defendant's instruction No. 13 is also complained of. That instruction is as follows:

"13. The law does not require the railroad company to prevent bushes or grass from growing upon its right of way so as to obstruct the view of persons using a private crossing. The law expects persons using a private crossing to exercise a high degree of care and caution to avoid injury from approaching trains."

The first clause of this instruction is an abstract statement, the correctness or incorrectness of which it is not necessary to decide. It was calculated to mislead the jury, because the question here was, whether the bushes or grass growing on the right of way constituted an obstruction to the view. If they did, then it was a fair question to be submitted to the jury, whether the running of the train at a rapid rate, without warning of its approach, when the view was so obstructed, showed negligence on the part of the railroad company. We do not think that the refusal of the instruction was error.

We have discovered no such errors in the record as would justify a reversal. The judgment of the Appellate Court is accordingly affirmed.

*Judgment affirmed.*