Henry B. Dale, Administrator, Appellee, v. Chicago Junction Railway Company, Appellant.

Gen. No. 16,489.

1. RAILROADS—*when absence of gates is for the jury.* A person was killed on a dangerous grade crossing of several railroad tracks over a public highway. An ordinance required a flagman but did not require gates, and there were none there. The evidence as to whether the flagman was in his shanty at the time of the accident and whether a bell was rung on the rapidly moving engine was conflicting. *Held,* whether the absence of the gates was negligence was a question for the jury.

2. RAILROADS—*when negligence as the proximate cause is for jury.*
A person was killed on a dangerous grade crossing of several railroad
tracks over a public highway. An ordinance required a flagman
but did not require gates, and there were none there. The evidence
as to whether the flagman was in his shanty at the time of the
accident and whether a bell was rung on the rapidly moving engine
was conflicting. *Held,* there was evidence of negligence, and whether
it was the proximate cause of the accident was for the jury.

3. INSTRUCTIONS—*interpretation.* The test is not what the in-
genuity of counsel can at leisure work out instructions to mean,
but how and in what sense under the evidence before whom and the
circumstances of the trial would ordinary men and jurors understand
the instructions.

4. APPEALS AND ERRORS—*when objectionable argument will not re-
verse.* Where a person is killed by the lessee of a railroad company
and suit is against the owners, objectionable statements of counsel
as to liability for negligence of the lessee may not reverse where the
jury are fully instructed on that point by an instruction which con-
cludes with a distinct warning that the court does not intimate that
there was any negligence by either the lessor or the lessee.

Action in case for death caused by alleged wrongful act. Appeal
from the Superior Court of Cook county; the HON. FARLIN Q. BALL,
Judge, presiding. Heard in this court at the March term, 1910.
Affirmed. Opinion filed November 18, 1912. Rehearing denied and
opinion modified and refiled December 2, 1912.

WINSTON, PAYNE, STRAWN and SHAW, for appellant;
JOHN D. BLACK and JOHN C. SLADE, of counsel.

C. E. HECKLER and I. W. BAKER, for appellee.

MR. JUSTICE BROWN delivered the opinion of the
court.

This is an appeal by the Chicago Junction Railway
Company from a judgment of the Superior Court
against it for $8,500. The judgment is in favor of the
administrator of James Dunworth, deceased. Dun-
worth was killed February 12, 1906, between 1 and 2
o'clock P. M. by a train belonging to the Lake Shore
and Michigan Southern Railway Company running
west across Wallace street, a north and south street of
Chicago. The death is alleged in the three counts of
the declaration on which this case was tried to have

been caused by the negligence of the appellant, which thereby became liable to the administrator under the "Campbell" Act, so-called, of Illinois.

The cause was originally brought against the appellant, and the Lake Shore and Michigan Southern Railway Company and the Illinois Central Railroad Company jointly, the allegations in the first count of the declaration as to the appellant being that it owned and controlled certain railroad tracks at the crossing mentioned above, and that it was its duty to see that proper and reasonable care was exercised in the operating of rolling stock on said tracks, and that the defendants, the Lake Shore and Michigan Southern Railway Company and the Illinois Central Railroad Company, carelessly and negligently ran certain of their rolling stock over the intestate, who was on a public highway and in the exercise of due care. The second count charges all the defendants with the duty of using due care to keep the said railroad and highway intersection "properly guarded, watched, cared for and protected" and with the breach of said duty in that they allowed the railroad line at said intersection "to be and remain unguarded and unprotected, without gates and uncared for or improperly cared for."

The third count submitted to the jury sets up the duty of all the defendants to keep and maintain a flagman at the said crossings for certain purposes specified in the following ordinance of the City of Chicago:

"All railroad companies whose track or tracks cross or intersect any of the streets in the City of Chicago east of the west line of Western Avenue or north of the south line of Thirty-ninth street, and also at all crossings of street or horse railways, shall station, keep and maintain at all times at their own expense, at each and every of said street and railroad crossings a flagman, whose duty it shall be to signal persons traveling in the direction of any or either of the cross-

ings and warn them of the approach of any locomotive engine or any impending danger.''

It then alleges that the defendants neglected said duty and that in consequence the intestate failed to receive any signal or warning of the approach of a locomotive or of impending danger, and was killed.

Before the cause came to trial the plaintiff discontinued it as against the Lake Shore and Michigan Southern Railway Company and the Illinois Central Railroad Company. The Chicago Junction Railway Company was thus left the only defendant, and the cause came to trial before a jury on its plea of not guilty. At the close of plaintiff's case and again at the close of all the evidence defendant asked for a peremptory instruction in its favor.

The jury found for the plaintiff for $8,500. The defendant moved for a new trial and in arrest of judgment. These motions were denied and judgment entered on the verdict. The defendant in its appeal to this court asks, under the usual assignments of error in such a case, that the judgment may be reversed without a remandment of the cause, on the ground that the cause should have been taken from the jury by the court below both because the evidence failed to show that there was any negligence on the part of the defendant, resulting in the death, and because it did show, so that reasonable minds could come to no other conclusion, that plaintiff's intestate was himself guilty of negligence which materially and proximately contributed to the accident.

The defendant also maintains that if this court should not agree with either of these two contentions, it should nevertheless reverse the judgment and remand the cause for another trial because of an error in an instruction hereinafter set forth, and because the counsel for the plaintiff made improper statements in his argument to the jury.

It would be useless for us, in this opinion, to elaborate our reasons for holding ill-founded the conten-

tions of the appellant as to the negligence of the defendant and the alleged contributory negligence of the intestate.   We have already stated the allegations of the defendant's negligence on which the plaintiff relies. We think the question was plainly one for the jury. The deceased was killed on a dangerous grade crossing of several railroad tracks of the defendant with a public highway.   An ordinance of the City required the defendant to station a flagman there "to signal persons traveling in the direction of any or either of the crossings, and warn them of the approach of any locomotive engine or any impending danger."  Gates were not required by the ordinance, and there were none there.   But even the question whether the absence of gates was not in itself negligence, was a question for the jury.

"A railroad company in the running of its trains is required to use ordinary care and prudence to guard against injury to the person or property of those who may be traveling upon the public highways and are required to cross its tracks, whether required by the statute or not.   The fact that the statute may provide one precaution does not relieve the company from adopting such others as public safety and common prudence may dictate."   Chicago, B. & Q. R. Co. v. Perkins, 125 Ill. 127.

There was but one flagman and he was south of the slowly moving freight train which had halted Dunworth and his wife in their crossing of the tracks, and could not, in that position, have warned them of approaching danger.   There was conflicting evidence even as to whether or not he was not in his shanty at the time of the accident, and as to whether a bell was rung on the engine of the rapidly moving train which caught the deceased and dragged him under it.   We think that the evidence established the negligence of the defendant, and that it was a question for the jury under it whether this negligence was the proximate cause of the accident.   And we hold that it was equally

a question for the jury whether there was or was not negligence on the part of Dunworth materially and proximately contributing to it. As to some of the circumstances the evidence is conflicting. We are not strongly impressed by the argument made that Mrs. Dunworth's testimony at the trial is materially discredited by the recital from the Coroner's minutes. As we have already said, we think it is useless here to discuss in detail the evidence adduced at the trial. After a careful study of it we are of the opinion that the jury might properly find, as they did find, that there was not contributory negligence or want of due care on the intestate's part in any of the matters as to which the jury were carefully instructed in the eleventh, twelfth, thirteenth, fourteenth, fifteenth, seventeenth and eighteenth given instructions, given at the request of the defendant.

The instruction complained of was as follows:

"The court instructs the jury that if you believe from a preponderance of the evidence that the plaintiff has established his case as alleged in the first, second or fourth counts of his declaration, or either of them, then you should find the defendant guilty and assess the plaintiff's damages at such sum as you believe from the evidence and under the instructions of the court he is entitled to recover."

The defendant contends that as the first count of the declaration alleges that "*on the day aforesaid*" two of the defendants ran certain rolling stock over the person of the intestate, "*who was then and there present upon said public highway of Wallace street and in the exercise of reasonable care for his own safety,*" the instruction might mislead the jury into believing that if at the moment of time and at the exact place when and where he was struck the intestate was in the exercise of reasonable care, it would not matter if he had been careless in putting himself in that place.

We think this is hypercriticism, and that the language used in Funk v. Babbitt, 156 Ill. 408, is here, as it is in many cases, applicable:

"The test is not what the ingenuity of counsel can at leisure work out the instructions to mean, but how and in what sense under the evidence before them and the circumstances of the trial would ordinary men and jurors understand the instructions."

In the case at bar.the words "then and there" in the declaration, if considered at all by the jury, would be understood to refer to all that part of the "day aforesaid" involved in the circumstances leading to the accident and to all that part of the public highway of Wallace street in which the intestate was charged by the defendant with lacking care.

The contention made by the defendant as to the improper remarks of counsel in his argument to the jury, is, to our mind, the most forceful objection made to the judgment. But we have carefully considered the language used in the light of the entire colloquy between court and counsel, and in the light of the rulings and instructions, and do not think it could have tended to influence the passions of the jury or render them, as maintained by counsel for appellant, "unfitted to fairly decide the issues presented in the case." We cannot commend the remarks which were made and withdrawn by counsel, but we think it quite plain, from what appears in the record, that the most objectionable of the statements, if the isolated remark was alone considered, referred to and was understood by the jury to refer merely to the question of law as to whether the defendant was liable for the negligence of the tenants of its tracks. On this point the jury were fully and correctly instructed by an instruction, No. 3, which is not complained of by the defendant. After stating that the defendant is liable for the negligence of a company that it permits to use its tracks, the instruction concludes with the distinct warning to the jury that the court must not be understood as saying or intimating that there was any negligence on the part either of the Lake Shore Railroad Company or the Chicago Junction Railway Company, and a state-

ment that whether there was not such negligence was a question solely for the jury to determine from the evidence under the instructions of the court.

We do not find reversible error in the record, and the judgment of the Superior Court is therefore affirmed.

*Affirmed.*