## The People of the State of Illinois, Defendant in Error, v. Charles Mankus and Annie Mankus, Plaintiffs in Error.

1. CRIMINAL LAW, § 530*—*when fact that jury was improperly chosen will not reverse.* Deviations from the method of selecting and serving jurors, provided in Hurd's Rev. St. 1917, ch. 37, sec. 110, J. & A. ¶ 3236, will not cause the reversal of judgments based on verdicts returned by juries improperly chosen, unless it affirmatively appears in the record that the defendants so convicted sustained positive injury as a result of such deviation.

2. JURY, § 72*—*how many peremptory challenges two joint defendants entitled to.* Two joint defendants are entitled to twelve peremptory challenges—six apiece.

3. CRIMINAL LAW, § 460*—*when errors not considered by Appellate Court.* Courts of review uniformly refuse to consider errors that do not appear from an inspection of the abstract.

4. JURY, § 72*—*what is effect of error in ruling on number of peremptory challenges to which two joint defendants were entitled.* Even though the trial court did erroneously rule that the two plaintiffs in error were entitled jointly to but six peremptory challenges, the error would not relate back to the manner of procuring the attendance of the jury at the term of court and would not even tend to show that either of the plaintiffs in error was injured by reason of any improper practices in procuring such attendance.

5. CRIMINAL LAW, § 483*—*necessity of assignment of error as to rulings on qualifications of jurors.* The action of the trial court in its rulings during the examination of jurors as to their qualifications to serve in the particular case is a matter that can be reviewed only when the same is challenged by an appropriate assignment of error.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number,

6. CRIMINAL LAW, § 530*—*when manner in which attendance of jury was procured is not prejudicial.* Record *held* not to show that joint defendants who had failed to exhaust the peremptory challenges to which they were entitled had been injured by the manner in which the attendance of the jury was procured.

7. JURY, § 45*—*when juror does not have confirmed ideas and prejudices on local option question.* Examination of juror in prosecution for selling liquor in anti-saloon territory, *held* to show that he did not have the "confirmed ideas and prejudices on the local option question" alleged on challenge for cause.

8. CRIMINAL LAW, § 530*—*when overruling of challenge to juror for cause will not be reversible error.* Even though cause for challenge is shown by the examination of a juror, it will not be reversible error to overrule the challenge when defendants' peremptory challenges were not exhausted in selecting the jury.

9. CRIMINAL LAW, § 495*—*when rulings on cross-examination of witness will not reverse.* The extent to which the cross-examination of a witness may go is largely within the discretion of the trial court, and nothing short of an abuse of such discretion will cause a reversal of the judgment because of the court's rulings on the question.

10. CRIMINAL LAW, § 132*—*when identification of exhibits introduced in evidence is sufficient.* Where, on a prosecution for selling liquor in anti-saloon territory, the testimony for the State in relation to four exhibits introduced in evidence purporting to be two bottles of whisky and two bottles of beer was that they were purchased by witnesses for the State and turned over by them to the sheriff and by him kept in the same condition as when delivered to him up to the time they were offered in evidence, *held* that the identification was sufficient and that they were properly admitted in evidence.

11. INDICTMENT AND INFORMATION, § 17*—*when information is sufficiently verified.* An information in ten counts for selling liquor in anti-saloon territory does not require an affidavit after each count but only one affidavit to the entire information.

12. INDICTMENT AND INFORMATION, § 17*—*when affidavit to information is sufficient.* An affidavit to an information in ten counts for selling liquor in anti-saloon territory which states that the "affiant knows the contents of the foregoing information and that the statements therein are true in substance and in manner of fact as therein stated," is sufficient.

13. INTOXICATING LIQUORS, § 148*—*when defendants, in prosecution for selling in anti-saloon territory,*`*not corroborated.* In a

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

prosecution for selling liquor in anti-saloon territory, *held* that the testimony of two boarders and a friend who lived near by that they saw no sales made did not amount to corroboration of defendants who denied the charge.

14. INTOXICATING LIQUORS, § 147*—*when evidence sufficient to sustain conviction for selling in anti-saloon territory.* Evidence *held* sufficient to sustain a conviction for selling lquor in anti-saloon territory.

Error to the County Court of Sangamon county; the Hon. JOHN B. WEAVER, Judge, presiding. Heard in this court at the April term, 1919. Affirmed. Opinion filed October 21, 1919.

JOHN G. FRIEDMEYER, for plaintiffs in error.

C. F. MORTIMER, for defendant in error; EDWARD PREE and JAMES WELDON, of counsel.

MR. PRESIDING JUSTICE GRAVES delivered the opinion of the court.

Plaintiffs in error were convicted and sentenced in the County Court of Sangamon county for selling intoxicating liquor in the town of Capital in said county. while the same was anti-saloon territory. The jury before whom they were tried was not selected or served in strict compliance with section 110, ch. 37, Hurd's Rev. St., paragraph 3236, Jones and Addington's Rev. St. of Illinois. However, deviations from the method therein provided will not cause the reversal of judgments based on verdicts returned by juries improperly chosen, unless it affirmatively appears in the record that the defendants so convicted sustained positive injury as a result of such deviation. *Siebert v. People,* 143 Ill. 571-578; *Mapes v. People,* 69 Ill. 523-530; *People v. Board of Sup'rs of Madison Co.,* 125 Ill. 334; *Barr v. People,* 103 Ill. 110; *Wilhelm v. People,* 72 Ill. 468.

The record in this case fails to show that plaintiffs

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

in error were injured at all by reason of the fact that the jury that tried their case was improperly drawn. The examination of the jurors by the respective parties as to their qualification disclosed no prejudice against plaintiffs in error or either of them. But one challenge for cause was made by plaintiffs in error that was not sustained by the court, and that was properly overruled and but six peremptory challenges were in fact exercised by both plaintiffs in error, although they were each entitled to six peremptory challenges, twelve in all to both defendants. Chapter 38, div. 13, sec. 12, Rev. St., paragraph 4131, Jones and Addington's Rev. St.; *Spies v. People*, 122 Ill. 1. Plaintiffs in error in this case went to trial with six unexercised peremptory challenges. It therefore does not appear from this record how they or either of them were injured by reason of the improper manner in which the jury were procured. It appears from the abstract that plaintiffs in error attempted to peremptorily challenge a seventh juror, a Mr. Dasher, and that the attorney for the People objected because they had exhausted their peremptory challenges, but the abstract fails to show that the court ruled either on the objection or the challenge, and courts of review uniformly refuse to consider errors that do not appear from an inspection of the abstract. Assuming, however, that the court did in fact erroneously rule that plaintiffs in error had jointly but six peremptory challenges, the error would not relate back to the manner of procuring the attendance of the jury at the term of court and would not even tend to show that either of the plaintiffs was injured by reason of any improper practices in procuring such attendance. The action of the court in its rulings during the examination of jurors as to their qualifications to serve in a particular case is a matter that can only be reviewed when the same is challenged by an appropriate assignment of error, and there is no such assignment of error in this

case. It is assigned for error that the court erred in overruling plaintiffs in error's challenge to the array of jurors and also in denying their challenge for cause, but there is no assignment of error challenging the correctness of the rulings of the court in denying their right to exercise more than six peremptory challenges to jurors. We, therefore, hold that it does not appear from this record that plaintiffs in error were injured by the manner in which the attendance of the jury at the court was procured; that the error of the court in denying the peremptory challenge of the juror Dasher is not before us and that the challenge of the juror Dasher for cause was properly denied for two reasons. First, no cause for challenge was disclosed by his examination. The challenge for cause made was that the juror had "confirmed ideas and prejudices on the local option question" but the examination showed exactly the contrary. His entire examination by the State's Attorney as abstracted is:

"Lives at Dawson. Don't know anything about the case. Not prejudiced. Would convict the defendant if proven guilty beyond a reasonable doubt."

His entire examination by plaintiffs in error as abstracted is:

"Don't know Dr. Wheeler only by sight. Knew John Richardson for a number of years. I am a man of family and have no fixed ideas on the liquor question. I have no objection to the use of liquor if they know how to use it, but don't use it myself."

Second, if the cause for challenge had been shown by his examination it was not reversible error to deny it because defendants' peremptory challenges were not exhausted in selecting the jury. *Gott v. People*, 187 Ill. 249.

The contention of plaintiffs in error that their attorney was unduly restricted in his cross-examination of the State's witnesses is without merit. The extent to which the cross-examination of a witness may go is largely within the discretion of the trial court, and

nothing short of an abuse of such discretion will cause a reversal of a judgment because of the rulings of the trial court on that question.

The testimony for the State in relation to four exhibits introduced in evidence purporting to be two bottles of whisky and two bottles of beer was that they were purchased by witnesses for the State and turned over by them to the sheriff and by him kept in the same condition as when delivered to him up to the time they were offered in evidence. The identification was sufficient and they were properly admitted in evidence.

The information which was the basis of the prosecution contained ten counts, each of which sufficiently charges the illegal sale of intoxicating liquor by plaintiffs in error in the town of Capital while the same was anti-saloon territory. On motion to quash this information it was contended and is here contended that the affidavit attached to the information was insufficient. The body of the affidavit is as follows:

"John A. Wheeler, being duly sworn on his oath says that affiant knows the contents of the foregoing information and that the statements therein are true in substance and in manner of fact as therein stated."

That affidavit was signed "John A. Wheeler" and a jurat certifying that the same was subscribed and sworn to before the clerk of the court is attached. It was not necessary to attach an affidavit to each count. This affidavit states that the affiant knows the contents of the foregoing information. That statement includes all ten counts. It also states that the statements therein contained are true. It was sufficient.

The State proved its case by the testimony of two witnesses who positively stated that they bought liquor of different kinds of plaintiffs in error at different times, sufficient if they are to be believed to amply warrant the verdict returned. Plaintiffs in error both denied the charge under oath. The State's

witnesses were corroborated by the liquors they said they purchased of plaintiffs in error and by the admitted fact that plaintiffs in error had like liquors at the place where they are charged with selling liquors to the State's witnesses. Plaintiffs in error are not corroborated. Two certain boarders and a friend who lived near by all say in substance that they saw no sales made, but that does not amount to corroboration of plaintiffs in error. It was for the jury after seeing the witnesses and hearing them testify to weigh the evidence and judge of the credibility of such witnesses. After a careful consideration of all the evidence we see no reason or excuse for disturbing the verdict returned.

No reversible error being called to our attention, the judgment is affirmed.

*Judgment affirmed.*