CATHARINE BURKE VS. JAMES H. MAYALL .et al.

Errors of judgment do not amount to prejudice or ill will on the part of a Judge so as to authorize a change of venue.

A motion was made at a general term of the District Court of Hennepin county, in May, 1864, on the part of the defendants, upon the affidavit of defendant Mayall, to change the place of trial of this action. The Court denied the motion, and filed the following decision, viz:

"This motion is made to change the place of trial of this action for alleged prejudice of the presiding judge. Upon such a motion, under our statute, the facts and circumstances upon which the charge of prejudice is based must be set out so that the Court can determine whether there is probable cause for granting the motion. 3 *Minn. R.*, 274.

"A Court can not, therefore, from motives of delicacy, transfer a cause for such alleged reason unless the same appears properly established. A different rule might lead to great abuses in practice, and causes could be sworn away from one district to another, as in a Justice Court from one Justice to another, upon the pretext of prejudice, but really for other and different purposes.

"The grounds which would render a judge liable to a charge of this kind, I suppose, may be substantially such as would render a juror liable to be challenged for bias—for implied bias for reasons stated in *subdiv.* 1, 2 *and* 3, *sec.* 23, *p.* 774, *Pub. Stats.*—or for actual bias, being the existence of a state of mind such, in reference to the case, that he could not try the same without prejudice to the rights of a party, the facts showing which should appear.

" Thus, whether the judge is intimately acquainted with the parties, or either of them ; whether he has had difficulty with the defendants, or formed or expressed any opinion in relation to the merits of the case ; whether he knows anything of the case outside of the record, or has in any way occupied a position in reference to either party such as to bias his mind or render him likely to prejudice the case in favor of the plaintiff.   It would seem to be reasonable to require facts of this kind to appear.   The mere fact that the judge is alleged to have made erroneous decisions in the case, or even to have erred in the exercise of judicial discretion, would not, of itself, raise the legal presumption of prejudice in the mind of the Court.

"Tested by this rule, it will be readily seen that no case is made by the affidavit used on this motion, and it must, therefore, be denied.

"C. E. VANDERBURGH, Judge."

From the order denying the motion the defendants appeal to this Court.

The grounds upon which the motion was made, as stated in the affidavit, sufficiently appear in the decision of the District Court, and in the opinion of this Court.


L. M. STEWART for Appellants.


The affidavit upon which the motion for change of venue was based, showing clearly a state of facts in relation to the conduct of the judge towards the appellants totally incompatible and inconsistent with an unprejudiced and impartial state of mind on his part, and alleging besides that the appellants feared and believed that they would not receive a fair and impartial trial before him, on account of his ill will and prejudice, and that they believed that his prejudice and ill will against them were so great that they would be unsafe in submitting and going to a trial before him, entitled them to a change of venue, and it was error to deny the granting of it. *McGoan v. Little*, 2 *Gilman Ill. R.*, 42, *cited in* 7 *U. S. Digest*, 479 ; *Clark vs. The People*, 1 *Scammon's Ill. R.*, 117.

F. R. E. CORNELL for Respondent.

I.—The affidavit to procure a change of venue is wholly insufficient in not stating any facts upon which the charge of prejudice can be predicated.   Prejudice will not be presumed from an erroneous decision ; neither is an erroneous decision ground for a change of venue.   3 *Minn. R.*, 274 ; *Pub. Stats.*, 537, secs. 1, 2.

II.—To warrant a change of venue on account of the prejudice of a judge, substantially the same facts must be shown as would constitute a good ground of challenge to a juror for bias, actual or implied.   The object of the statute is to guard against the danger of an impartial trial, and not to regulate the place of trial by the whims, caprices, or insane apprehensions of parties.   *Public Stat.*, secs. 22, 23, *p.* 774.

*By the Court*—BERRY, J.—The motion for a change of venue in this action, made by the appellant in the Court below, purports to be based on prejudice and ill-will on the part of the Judge of the District Court.

Our statute regulating this subject found upon *page* 537, *Pub. Stat.*, *Secs.* 44, 45, provides that a party may apply for a change of venue by petition, setting forth the cause of the application, and "accompanied by an affidavit verifying the facts stated in the petition."

From the language of the statute requiring a statement of *facts*, as well as from the construction heretofore put upon the statute by this Court, in *Ex parte Gold T. Curtis*, 3 *Minn.*, 274, it would seem that the general charges and conclusions of prejudice and antipathy found in the verified petition upon which the motion was made would be insufficient.   Aside from these general statements it appears that there have been six different proceedings of one kind and another having relation to the foreclosure of a certain mortgage in which the appellant claims to be interested ; and the appellant alleges that there have been six erroneous decisions of various kinds in reference to matters arising in the course of these

several proceedings, and it is contended that these errors can only be accounted for on the ground of prejudice and ill-will on the part of the Judge. Now while it is very possible that some of these decisions may have been erroneous in point of law, and while it is certain that the holders of the mortgage have had an unusual experience of the "law's delay," we see no evidence that the Judge below was prejudiced against the appellants, or actuated by any other than the purest and fairest motives in making the various decisions, which the appellant claims to have resulted in depriving him of his just and legal rights. No appeal appears to have been taken from any one of these decisions. From some of them the defendant could have appealed, and thereby (it is to be presumed) have obtained justice, if errors had been committed. We arrogate nothing when we say that the theory of our judicial system is that Courts of *nisi prius* may commit errors of judgment in matter of law which are to be reviewed by Courts of last resort, and to hold that such error in one instance or repeated instances, (which would seem to be all that the appellants can claim in this case,) is equivalent to prejudice, would lead to absurd consequences. We are aware of no authorities which go to this extent. The right to a particular place of trial is fixed by law for wise reasons, and no party should be sent away from that place of trial, unless the grounds for a change of venue unmistakably appear.

The order denying the motion for a change of venue is affirmed.