Lloyd BAERTSCH, et al., Appellants,

v.

MINNESOTA DEPARTMENT
OF REVENUE, et al.,
Respondents.

No. C9–93–2457.

Supreme Court of Minnesota.

June 30, 1994.

Margaret Marie Zverinova, Peter S. Hendrixson, Dorsey & Whitney, Minneapolis, and Jack R. Bierig, Thomas W. Merrill, Susan A. Weber, Sidley & Austin, Chicago, IL, for appellant.

Hubert H. Humphrey, III, Atty. Gen., Gregory P. Huwe, Asst. Atty. Gen., Tax Litigation Div., St. Paul, for respondent.

## OPINION

PAGE, Justice.

This case raises the question of whether the district court has jurisdiction to determine the constitutionality of provisions of the Minnesota Health Right Act, ch. 549, 1992 Minn.Laws 1487, *amended* ch. 345, 1993 Minn.Laws 2322 (known as MinnesotaCare, hereinafter "the Act"). The Act is codified at Minn.Stat. §§ 295.50–59 (Supp.1993). Funding for the Act is derived in part from a two percent tax on the gross revenues of health care providers. Minn.Stat. § 295.52, subd. 2

(1992). For nonresident health care providers, the gross revenues subject to the tax are the total amounts received "for patient services provided to an individual domiciled in Minnesota." Minn.Stat. § 295.50, subd. 3(6) (Supp.1993).

Appellants contend the funding provisions of the Act as they relate to nonresident health care providers violate the Due Process and the Commerce Clauses of the United States Constitution. Appellants are physicians and the medical groups or clinics through which they practice medicine. The physicians are domiciliaries of Wisconsin, Iowa, and South Dakota. None are domiciliaries of Minnesota, although they treat patients who are. The respondents are the Minnesota Department of Revenue and the Commissioner of Revenue (collectively the "Department").

On March 12, 1993, appellants filed this action in Ramsey County district court seeking an injunction prohibiting the state from enforcing the Act's provisions against them and a judgment declaring certain provisions of the Act unconstitutional.[1] The department answered by asserting Minn.Stat. § 289A.43 (1992), the anti-injunction statute, bars suits "to restrain assessment or collection" of a tax, and therefore barred appellants' lawsuit. The department moved to dismiss appellants' claims for lack of subject matter jurisdiction. At the same time, appellants brought two motions—one for summary judgment on their constitutional claims, and

the other to amend their complaint to add claims based on 42 U.S.C. § 1983 and 42 U.S.C § 1988. The trial court denied appellants' motion for summary judgment, denied without prejudice appellants' motion to amend their complaint, and granted the department's motion to dismiss, holding the claim barred by the anti-injunction statute.

We granted appellants' petition for accelerated review. The petition requires us to resolve four issues: (1) whether the Act incorporates the anti-injunction statute; (2) if incorporated, whether the anti-injunction statute bars appellants' claim; (3) whether appellants' claim is ripe for review; and (4) whether the trial court abused its discretion by refusing to allow appellants to amend their complaint.

■ Appellants contend the Act does not incorporate the anti-injunction statute and therefore the claim is not barred. In resolving this first issue, we need look no further than the 1993 legislative amendment to Minn. Stat. § 295.57. In May of 1993, approximately two months after this action was commenced, the legislature amended Minn.Stat. § 295.57 to read:

Unless specifically provided otherwise by sections 295.50 to 295.58, the enforcement, interest, and penalty provisions under chapter 294, appeal provisions in *sections 289A.43* and 289A.65, criminal penalties in section 289A.63 and refunds provisions in section 289A.50, and collection and

---

1. Minn.Stat. § 295.51 (Supp.1993) (emphasis added to challenged provisions) reads:

A hospital, surgical center, pharmacy or health care provider is subject to tax under sections 295.50 to 295.58 if it is "transacting business in Minnesota." A hospital, surgical center, pharmacy or health care provider is transacting business in Minnesota only if it:

(1) maintains an office in Minnesota used in the trade or business of providing patient services or medical supplies, appliances, or equipment;

(2) has employees, representatives, or independent contractors conducting business in Minnesota related to the trade or business of providing patient services or medical supplies, appliances, or equipment;

(3) regularly provides patient services or medical supplies, appliances or equipment to customers that receive the services in Minnesota;

(4) *regularly solicits business from potential customers in Minnesota. A hospital, surgical center, pharmacy, or health care provider is presumed to regularly solicit business within Minnesota if it receives gross receipts for patient services or medical supplies, appliances, or equipment from 20 or more patients domiciled in Minnesota in a calendar year;*

(5) *regularly performs services outside Minnesota the benefits of which are consumed in Minnesota;*

(6) *owns or leases tangible personal or real property physically located in Minnesota and used in the trade or business of providing patient services or medical supplies, appliances, or equipment; or*

(7) *receives medical assistance payments from the state of Minnesota.*

rulemaking provisions under chapter 270, apply to a liability for the taxes imposed under sections 295.50 to 295.58.

Ch. 345, art. 13, § 20, 1993 Minn.Laws 2446, *codified* at Minn.Stat. § 295.57 (Supp.1993) (emphasis added).

With respect to this amendment, appellants first argue this section does not apply to this action because the legislature did not intend it to apply retroactively. Statutes are presumed not to have retroactive effect. *Lieser v. Sexton,* 441 N.W.2d 805, 807 (Minn. 1989). We have said there must be a clear indication the legislature intended a statute to be retroactive before we will give it such effect. *Duluth Firemen's Relief Ass'n v. Duluth,* 361 N.W.2d 381, 385 (Minn.1985). Further, the legislature has said: "No law shall be construed to be retroactive unless clearly and manifestly so intended by the legislature." Minn.Stat. § 645.21 (1992).

Here, the amendment has a stated effective date of January 1, 1993, but does not specifically state that it is to be retroactive. Ch. 345, art. 14, § 25, 1993 Minn.Laws 2448. Although we have declared that use of the word "retroactive" provides clear evidence of intent to have a statute apply retroactively, *Duluth,* 361 N.W.2d at 385, we have never held such language is necessary. In this case, the legislature provided a specific effective date for the statute. This is a clear manifestation the legislature intended the statute to apply from that date forward. We hold, therefore, the legislature intended section 295.57, as amended in 1993, to apply to all cases filed on or after January 1, 1993.

■ Next, even though section 295.57 as amended expressly incorporates section 289A.43, appellants contend the incorporation is limited to the "appeal provisions" of the anti-injunction statute. They argue that "appeals," under Minn.Stat. § 289A.65, subd. 1, are those cases in which taxpayers wish to challenge "an order assessing tax, a denial of a request for abatement of penalty, or denial of a claim for refund," and therefore in this case they are not pursuing an appeal because they are not challenging any of these things. The department responds by arguing Minn. Stat. § 289A.43 is clearly an appeal provision because it "limits a taxpayer's rights of appeal and judicial review." We agree. The statute prevents bringing pre-enforcement tax suits for injunctive or declaratory relief, by precluding certain forms of appeal. Thus, we hold the 1993 amendment to the Act incorporates the anti-injunction statute and is applicable to this case.[2]

■ Having concluded that Minn.Stat. § 295.57 incorporates the anti-injunction statute and applies to all actions commenced on or after January 1, 1993, the next question we must answer is whether the anti-injunction statute bars this action. Minn.Stat. § 289A.43 (1992) provides:

> Except for the express provisions in this chapter, chapters 270 and 271, and any other tax statutes for contesting the assessment or collection of taxes, penalties, or interest administered by the commissioner of revenue, no suit to restrain assessment or collection, including a declaratory judgment action, can be maintained in any court by any person.

Appellants, while conceding the anti-injunction statute applies to cases under section 295.57 where taxes have been imposed, argue that pre-enforcement constitutional challenges should not be barred. They contend that if the anti-injunction statute applies to this case, the court should adopt and apply the federal exception to the federal anti-injunction statute.[3] The department responds that allowing taxpayers to bypass the anti-injunction statute by bringing pre-en-

---

**2.** Because we decide the amended Act incorporates the anti-injunction statute and applies to this case, we need not consider whether the original Act incorporated the anti-injunction statute.

**3.** The United States Supreme Court has recognized an exception to the federal anti-injunction statute where (1) it is " 'clear that under no

circumstances could the Government ultimately prevail' "; and (2) the taxpayer shows it will "suffer irreparable injury" if the relief sought is not granted. *Commissioner v. Shapiro,* 424 U.S. 614, 627, 96 S.Ct. 1062, 1070, 47 L.Ed.2d 278 (1976) (quoting *Enochs v. Williams Packing & Navigation Co.,* 370 U.S. 1, 7, 82 S.Ct. 1125, 1129, 8 L.Ed.2d 292 (1962)). Because of our holding in this case we have no need to consider the federal exception.

forcement challenges would frustrate the legislative scheme for resolving tax disputes.

■ Whether a taxpayer brings suit prior to or after an assessment or collection of a tax, the taxpayer's goal is to avoid the tax. We agree with the department that allowing taxpayers to avoid the proper procedures by bringing suit before enforcement of a tax statute would frustrate the purpose of the anti-injunction statute. We hold, therefore, the anti-injunction statute bars suits to avoid tax liability under the Act, whether brought before or after enforcement.

This case, though, involves more than a taxpayer merely attempting to avoid paying a tax, it involves a facial challenge to the constitutionality of the statute itself. The constitutional issue is whether the Act impermissibly imposes a tax on people or entities that lack sufficient connections to this state so as to violate either the Due Process or the Commerce Clauses of the United States Constitution. Appellants contend those provisions of the Act which trigger tax liability for non-resident health care providers are constitutionally invalid. The department responds that appellants' constitutional claim is premature.

The United States Supreme Court has made it clear the Due Process and Commerce Clauses prevent a state from imposing a tax on people, property or transactions which do not have a sufficient nexus with the taxing state. *Allied–Signal, Inc. v. Director, Div. of Taxation,* — U.S. —, —, 112 S.Ct. 2251, 2258, 119 L.Ed.2d 533 (1992). The Court stated "[t]he principle that a State may not tax value earned outside its borders rests on the fundamental requirement of both the Due Process and Commerce Clauses that there be 'some definite link, some minimum connection, between a state and the person, property or transaction it seeks to tax.'" *Id.* at —, 112 S.Ct. at 2258. Under the Commerce Clause, a tax is valid if it: (1) is applied to an activity with a substantial nexus with the taxing State; (2) is fairly apportioned; (3) does not discriminate against interstate commerce; and (4) is fairly related to the services provided by the taxing state. *Complete Auto Transit, Inc. v. Brady,* 430 U.S. 274, 279, 97 S.Ct. 1076, 1079, 51 L.Ed.2d 326 (1977).

The disputed provisions here impose a tax on nonresident health care providers who, among other things, regularly solicit business in Minnesota and regularly perform services outside of Minnesota, the benefits of which are consumed within Minnesota. Without prejudging the answer, it can be fairly said the provisions of the Act clearly implicate important constitutional questions. Where there is a clearly valid and important facial challenge to the constitutionality of a tax statute, the challenge must be adjudicated as promptly as possible to prevent placing an unconstitutional burden on the taxpayer.[4] We hold, therefore, on the facts before us, the trial court has jurisdiction to consider the constitutional issues raised, and that the anti-injunction statute does not bar review.

■ Next, the department argues the trial court properly dismissed this case because it was not ripe for review[5] in that "[n]o audits have been conducted or threatened, no assessment orders have been issued, [and] no warning notices or directives to file returns have been given." We have stated "a justiciable controversy must exist before the courts have jurisdiction to render a declaratory judgment regarding the constitutionality of statutes." *St. Paul Area Chamber of Commerce v. Marzitelli,* 258 N.W.2d 585, 587 (Minn.1977). A party challenging the constitutionality of a statute must "show that the statute is, or is about to be, applied to his disadvantage." *Id.* at 588 (citations omitted). The appellants have met this burden because they have shown that they satisfy the factors which trigger the tax, and because the department, by letter, expressed its intent to enforce the statute against them.

■ Finally, appellants moved to amend their complaint after the 1993 amendments to the Act in an attempt to establish "an

---

4. An additional reason for prompt adjudication here is the need for the state to know whether the important programs funded by the Act are financially sound.

5. While this issue was before the trial court, it was not reached because of the trial court's conclusion that the anti-injunction statute barred appellant's lawsuit.

alternative jurisdictional basis for their case." Minn.R.Civ.P. 15.01 governs amendment of pleadings and provides that "leave [to amend pleadings] shall be freely given where justice so requires." Here, the trial court denied without prejudice appellants' motion to amend the complaint to state a cause of action for violation of their civil rights under 42 U.S.C. § 1983 and for attorney fees under 42 U.S.C. § 1988. We see no basis for concluding the trial court abused its discretion by refusing to allow appellants to amend their complaint.

Reversed in part and remanded.

GARDEBRING, J., took no part in the consideration or decision of this case.