*This opinion is nonprecedential except as provided by Minn. R. Civ. App. P. 136.01, subd. 1(c).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A23-1555**

John Louis Corrigan, Sr.,
Appellant,

vs.

State of Minnesota,
Respondent.

**Filed May 28, 2024
Affirmed
Ede, Judge**

Scott County District Court
File No. 70-CV-22-14765

John L. Corrigan, Sr., Belfair, Washington (pro se appellant)

Keith Ellison, Attorney General, St. Paul, Minnesota; and

Ronald Hocevar, Scott County Attorney, Todd P. Zettler, Assistant County Attorney, Shakopee, Minnesota (for respondent)

Considered and decided by Ede, Presiding Judge; Reyes, Judge; and Larson, Judge.

**NONPRECEDENTIAL OPINION**

**EDE**, Judge

In this appeal from dismissal of appellant's declaratory-judgment action challenging a Minnesota statute criminalizing stalking as unconstitutionally overbroad, appellant argues that the district court (1) abused its discretion by denying his motions to change

venue and to strike portions of respondent's motion to dismiss and (2) erred by granting respondent's dismissal motion. We affirm.

## FACTS

Appellant John Louis Corrigan Sr. is a Washington resident and the father of John Louis Corrigan Jr. In 2016, Corrigan Jr. was convicted of stalking a woman in Scott County, in violation of Minnesota Statutes section 609.749, subdivision 2(2) (2016). Corrigan Jr. appealed, and this court affirmed. *State v. Corrigan*, No. A17-1145, 2018 WL 3214271 (Minn. App. July 2, 2018), *rev. denied* (Minn. Oct. 16, 2018). In a civil action filed in federal district court, Corrigan Jr. sued the district court judge who presided over his trial, the prosecutor, the police officers involved in his case, the victim, the Scott County Sheriff, the City of Savage, and Scott County, arguing that the defendants had violated his constitutional rights. The federal lawsuit was later dismissed. Corrigan Jr. next challenged his conviction several times through postconviction petitions. The district court heard and denied each petition, and this court affirmed. *Corrigan v. State*, No. A22-0004, 2022 WL 2659357 (Minn. App. July 11, 2022), *rev. denied* (Minn. Sept. 28, 2022); *Corrigan v. State*, No. A20-1323, 2021 WL 2408443 (Minn. App. June 14, 2021); *Corrigan v. State*, No. A19-0019, 2019 WL 4010308 (Minn. App. Aug. 26, 2019).

In November 2022, Corrigan Sr. filed the complaint underlying this appeal in Scott County. The complaint requested declaratory relief against respondent State of Minnesota and challenged the constitutionality of Minnesota Statutes section 609.749, subdivisions 2(2) and 2(c)(2) (2022). Corrigan Sr. alleged that section 609.749 is facially overbroad because it "prohibit[s] a substantial amount of protected speech in violation of

the First Amendment," and he claimed that the law is not "susceptible to a judicial remedy[,]" such as a narrowing construction or severance of the unconstitutional provisions. In particular, Corrigan Sr. maintained that, insofar as section 609.749 criminalizes a single incident of stalking instead of repeated incidents of following or monitoring, the statute is unconstitutionally overbroad. Corrigan Sr. also asserted that he is Corrigan Jr.'s father and that venue is proper in Scott County because that is where his son was convicted.

In December 2022, the state moved to dismiss Corrigan Sr.'s complaint for failure to state a claim upon which relief could be granted. The state argued that the complaint did not present a justiciable controversy and that Corrigan Sr. did not have standing.

Before the district court ruled on the state's motion, Corrigan Sr. moved for a change of venue to Dakota County because he believed that "an impartial trial [could not] be had in the county wherein the action [was] pending and that the ends of justice would be promoted by the change." In support of his motion, Corrigan Sr. alleged bias and prejudice against his son by the trial judge and the prosecutors who handled his son's case.

The district court filed findings of fact, conclusions of law, and an order denying Corrigan Sr.'s motion to change venue, reasoning that Corrigan Sr. failed to meet his burden of proof. The district court determined that "[the trial judge]'s previous rulings against Corrigan Jr. [did] not amount to bias, prejudice, or ill-will in the instant case that would demand a change of venue." The district court also observed that "[t]here [were] no allegations that jurors in Scott County, or that other Scott County Judges, [were] disqualified from rendering a fair and impartial decision," such that Corrigan Sr.'s concerns

3

could be addressed by a notice to remove, instead of changing venue. And the district court explained that "Dakota County [was] not a more convenient venue for witnesses and [would] not promote the ends of justice."

Corrigan Sr. subsequently filed a response to the state's motion to dismiss, claiming that the state's motion was "frivolous" and "a deliberate attempt to harass and intimidate" him. But rather than requesting that the district court deny the state's motion, Corrigan Sr. asked that the district court strike "elements of [the state's] motion" as "immaterial and/or impertinent matter."

The district court filed an order denying Corrigan Sr.'s request to strike the state's motion and granting the state's motion to dismiss. In analyzing the motion to strike, the district court reasoned that irrelevant or incorrect information may not be stricken absent unusual circumstances, which the district court did not find in this case. As to the motion to dismiss, the district court looked to whether a justiciable controversy was present and determined whether the controversy was ripe. Quoting *Minnesota Democratic-Farmer-Labor Party by Martin v. Simon*, the district court explained that a First Amendment claim is ripe "when a plaintiff shows an intention to engage in a course of conduct arguably affected with a constitutional interest, but proscribed by [the] statute, and there exists a credible threat of prosecution." 970 N.W.2d 689, 696 (Minn App. 2022) (quotation omitted). Because Corrigan Sr. did not allege "that he ha[d] an intent to engage in a course of conduct arguably affected with a constitutional interest, but proscribed by" section 609.749, the district court concluded that the controversy was not ripe and dismissed the complaint.

4

Corrigan Sr. appeals.

## DECISION

Corrigan Sr. challenges the district court's denial of his motions to change venue and to strike, as well as the district court's dismissal of his complaint. Below, we address each issue sequentially.

**I. The district court did not abuse its discretion by denying Corrigan Sr.'s motions to change venue and to strike.**

**A. Motion to Change Venue**

Venue is generally reviewed by writ of mandamus. *Peterson v. Holiday Recreational Indus., Inc.*, 726 N.W.2d 499, 504 (Minn. App. 2007), *rev. denied* (Minn. Feb. 28, 2007). And we have refused to review a posttrial challenge to venue when the challenge is *not* brought by a writ of mandamus. *See id.* (stating that the issue of venue was not properly before this court because appellants did not petition for mandamus following the district court's venue ruling). But even assuming without deciding that Corrigan Sr.'s pretrial venue challenge is reviewable outside of a writ of mandamus, we conclude that the district court did not abuse its discretion in denying the motion because Corrigan Sr. failed to carry his burden of establishing that venue change was required under Minnesota Statutes section 542.11 (2022).

"A party seeking a change of venue has the burden of establishing that such a change is required." *VanHercke v. Eastvold*, 405 N.W.2d 902, 904 (Minn. 1987). In a civil action, venue may be changed by order of the court:

(1) upon written consent of the parties;
(2) when it is made to appear on motion that any party has been made a defendant for the purpose of preventing a change of venue under section 542.10;
(3) when an impartial trial cannot be had in the county wherein the action is pending; or
(4) when the convenience of witnesses and the ends of justice would be promoted by the change.

Minn. Stat. § 542.11. But an erroneous decision does not provide a basis for a change in venue. *See Burke v. Mayall*, 10 Minn. 287, 288, 290, 10 Gil. 226, 227-28 (1865).

The decision whether to grant or deny a motion to change venue rests within the sound discretion of the district court, and we will not disturb that decision unless there is a clear abuse of discretion. *Vanden Broucke v. Lyon Cnty.*, 222 N.W.2d 792, 795 (Minn. 1974). "Whether a sound discretion is exercised in granting or denying a change of venue depends on the particular facts of each case." *Thon v. Erickson*, 45 N.W.2d 560, 561 (Minn. 1950).

Here, the district court did not abuse its discretion in determining that Corrigan Sr. failed to meet his burden of establishing that venue change was required. First, although Corrigan Sr. points to the trial judge's alleged bias toward his son as support for his venue argument, the record does not establish that the trial judge was ever assigned to preside over Corrigan Sr.'s civil complaint or motions. And even if the trial judge was assigned to Corrigan Sr.'s case, Corrigan Sr. could have filed a notice to remove the trial judge. Moreover, despite Corrigan Sr.'s stated belief that the trial judge's decisions related to his son's case were erroneous, such decisions are not grounds for a change of venue. *See Burke*, 10 Minn. at 288, 290, 10 Gil. at 227-28. Second, Corrigan Sr. did not allege that other

6

judges and jurors in Scott County could not render a fair and impartial decision in his case. And third, Corrigan Sr. has no other matters in Scott County that suggest he would not receive a fair trial there, unlike cases in which the Minnesota Supreme Court has held that a change in venue was warranted. *See*, *e.g.*, *Castle v. Village of Baudette*, 125 N.W.2d 416, 418-19 (Minn. 1963) (holding that the district court abused its discretion by denying a change of venue motion when plaintiff's recent sexual assault conviction was highly publicized in the county).

We therefore discern no abuse of discretion in the district court's denial of Corrigan Sr.'s motion to change venue.

### B.      Motion to Strike

Minnesota Rule of Civil Procedure 12.06 states that "the [district] court may order any pleading not in compliance with Rule 11 stricken as sham and false, or may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent or scandalous matter." "To be irrelevant the pleading must have no material relation to the case." *Pederson v. Eppard*, 231 N.W. 393, 393 (Minn. 1930). Although nonprecedential, we are persuaded by and adopt the reasoning of *Huerd v. Huerd*, in which we reviewed the district court's denial of a rule 12.06 motion to strike by applying the abuse-of-discretion standard of review because the rule "identifies what the district court 'may' do[.]" No. A19-1579, 2020 WL 4434583, at *6 (Minn. App. Aug. 3, 2020).

Although Corrigan Sr. contends that the district court erred by denying his motion to strike portions of the state's motion to dismiss, he fails to cite any authority to support his assertion. "Appellate courts cannot presume error by the district court." *Butler v. Jakes*,

7

977 N.W.2d 867, 873 (Minn. App. 2022). Mere assertions of error without supporting authority or argument are inadequately briefed and are forfeited unless prejudicial error is obvious on mere inspection. *See State v. Andersen*, 871 N.W.2d 910, 915 (Minn. 2015); *see also Stone v. Invitation Homes, Inc.*, 4 N.W.3d 489, 494 n.6 (Minn. 2024) (explaining that, despite the Minnesota Supreme Court's use of the term "waived" in previous decisions, "waiver is when a known right is voluntarily relinquished, whereas forfeiture occurs when a party fails to timely assert a right"). Here, prejudicial error is not obvious on our mere inspection of the record. But even assuming without deciding that Corrigan Sr. has not forfeited any argument regarding his motion to strike, we remain unconvinced that the district court abused its discretion.

Because he maintained that the following portions of the state's motion to dismiss were "immaterial and/or impertinent," Corrigan Sr. asked the district court to strike them: the statement of facts and the state's appellate brief from Corrigan Jr.'s last appeal, which the state attached to its motion to dismiss; the first, second, and third paragraphs of the state's argument section; and the state's assertions as to Corrigan Sr.'s lack of standing. Essentially, Corrigan Sr.'s motion requested that the district court strike the state's entire pleading. But the state's motion was clearly pertinent because it challenged Corrigan Sr.'s standing. And the state's appellate brief from Corrigan Jr.'s last appeal was relevant by virtue of the allegations in Corrigan Sr.'s complaint that he was Corrigan Jr.'s father and that Corrigan Jr. had been convicted under the same statute that Corrigan Sr. sought to challenge in this lawsuit. The state's appellate brief also supported the state's position that

Corrigan Jr. was utilizing his father to challenge his conviction. Furthermore, Corrigan Sr. did not contend that the state's motion was false or about a scandalous matter.

Thus, because the state's motion to dismiss was not a sham or false, nor was it redundant, immaterial, impertinent or about a scandalous matter, the district court did not abuse its discretion by denying Corrigan Sr.'s motion to strike under Minnesota Rule of Civil Procedure 12.06.

## II.    The district court did not err by granting the state's motion to dismiss.

Corrigan Sr. challenges the district court's dismissal of his complaint for lack of standing, arguing that he has standing because the stalking statute could potentially implicate conduct protected by the First Amendment. We disagree.

"[A] declaratory judgment action must present an actual, justiciable controversy." *McCaughtry v. City of Red Wing*, 808 N.W.2d 331, 337 (Minn. 2011). And the person bringing such an action must have standing, which is "a sufficient stake in a justiciable controversy to seek relief from a court." *Id.* at 338 (quotation omitted). To establish that a challenge is "ripe" for review and presents a justiciable controversy in a declaratory-judgment action challenging the constitutionality of a law, a person must establish that "the law 'is, or is about to be, applied to [their] disadvantage.'" *Minn. Democratic-Farmer-Lab. Party by Martin*, 970 N.W.2d at 692 (quoting *Baertsch v. Minn. Dep't of Revenue*, 518 N.W.2d 21, 25 (Minn. 1994)). If First Amendment rights are at stake, however, a person must establish that they have "an intention to engage in a course of conduct arguably affected with a constitutional interest, but proscribed by [the] statute, and [that] there exists *a credible threat of prosecution*." *Id.* at 696 (alteration in original) (quotation omitted).

9

Whether a justiciable controversy exists and whether a party has standing are questions of law, which this court reviews de novo. *See Cruz-Guzman v. State*, 916 N.W.2d 1, 7 (Minn. 2018).

As a Washington resident, Corrigan Sr. has failed to allege that he intends to engage in conduct that would arguably be proscribed by the Minnesota stalking statute he claims is unconstitutionally overbroad. Nor does the record establish that the state has threatened Corrigan Sr. with prosecution. *See Minn. Democratic-Farmer-Lab. Party by Martin*, 970 N.W.2d at 697 (noting that appellate courts assess whether prosecution has been threatened when determining if an appellant faced a credible threat of prosecution). Corrigan Sr. has also failed to allege that he has been forced to modify his conduct or his speech. *See id.* (stating that "a plaintiff who chooses to self-censor based on a statute . . . must demonstrate that their choice was objectively reasonable" and that, "[t]o do so, they need to establish a credible threat of prosecution").

We therefore conclude that the district court did not err in granting the state's motion to dismiss based on Corrigan Sr.'s lack of standing.

**Affirmed.**